FILED
United States Court of Appeals
Tenth Circuit

March 25, 2008

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

JOSE MANUEL RAMIREZ-SANTOS,

     Defendant-Appellant.

No. 07-2111

(D.C. No. CR-07-213-BB)
(D. New Mexico)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE, MURPHY,** and **HARTZ**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination of this

appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is, therefore,

submitted without oral argument.

Defendant-Appellant Jose Manuel Ramirez-Santos pleaded guilty to a single count

of illegal re-entry by a removed alien, in violation of 8 U.S.C. § 1326(a) & (b).  The

---

[*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

district court sentenced him to twenty-one months' imprisonment followed by two years' supervised release. On appeal, Mr. Ramirez-Santos's counsel has filed a brief arguing that there are no legally viable issues for appeal in accordance with Anders v. California, 386 U.S. 738 (1967). The government has declined to file a response. Mr. Ramirez-Santos was served with copies of the briefs and has failed to respond. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), and we dismiss the appeal and grant counsel's motion to withdraw.

On January 31, 2007, Mr. Ramirez-Santos was charged by information with one count of illegal re-entry of a removed alien. He pleaded guilty that same day. The pre-sentence report ("PSR") calculated that Mr. Ramirez-Santos had an adjusted offense level of 10 and a criminal history category of V, resulting in an advisory Guidelines range of twenty-one to twenty-seven months' imprisonment. A sentencing hearing was held on April 16, 2007. Counsel for Mr. Ramirez-Santos and the prosecutor both agreed with the PSR's calculation of the Guidelines range. However, Mr. Ramirez-Santos's counsel argued that because Mr. Ramirez-Santos was sentenced to only ninety-eight days' imprisonment on his prior felony conviction, the conviction was not serious and the factors set forth in 18 U.S.C. § 3553(a) therefore supported a below-Guidelines sentence. Mr. Ramirez-Santos declined the district court's invitation to speak on his own behalf.

The district court disagreed with Mr. Ramirez-Santos's argument that his prior felony conviction was not serious, noting that Mr. Ramirez-Santos had immediately violated the conditions of his release after serving his term of imprisonment on that

conviction. The court also noted that Mr. Ramirez-Santos had a long arrest record for his age, as well as several different aliases, birth dates, and Social Security numbers. Based on the Guidelines range and its weighing of the § 3553(a) factors, the district court imposed a sentence of twenty-one months, at the bottom of the advisory Guidelines range.

Under Anders, a court-appointed defense counsel who believes an appeal would be "wholly frivolous" may

> submit a brief to the client and the appellate court indicating any potential appealable issues based on the record. The client may then choose to submit arguments to the court. The Court must then conduct a full examination of the record to determine whether defendant's claims are wholly frivolous. If the court concludes after such an examination that the appeal is frivolous, it may grant counsel's motion to withdraw and may dismiss the appeal.

United States v. Calderon, 428 F.3d 928, 930 (10th Cir. 2005) (citing Anders, 386 U.S. at 744).

We agree with counsel that there are no potentially meritorious issues on appeal. Mr. Ramirez-Santos seeks to challenge only the length of his sentence. Prior to pleading guilty, he was advised of the sentence that could be imposed for his conduct, and there is no reason to believe that his plea was not knowing and voluntary. See Brady v. United States, 397 U.S. 742, 755-56 (1970).

We review Mr. Ramirez-Santos's sentence for both procedural and substantive reasonableness. United States v. Conlan, 500 F.3d 1167, 1169 (10th Cir. 2007). "Procedural reasonableness involves using the proper method to calculate the sentence,"

while "[s]ubstantive reasonableness involves whether the length of the sentence is reasonable given all the circumstances of the case in light of the factors set forth in 18 U.S.C. § 3553(a)." Id. The district court has significant discretion in sentencing, and we will not disturb its judgment absent an abuse of discretion. Rita v. United States, 127 S. Ct. 2456, 2465 (2007).

There is no indication that Mr. Ramirez-Santos's sentence was improperly calculated or that its length was substantively unreasonable. Mr. Ramirez-Santos did not dispute any of the salient facts contained in the PSR, which the court used to calculate the Guidelines range. See Fed. R. Crim. P. 32(i)(3)(A) (permitting a sentencing court to "accept any undisputed portion of the presentence report as a finding of fact"). The court explicitly considered and applied the § 3553(a) factors. See United States v. Geiner, 498 F.3d 1104, 1107 (10th Cir. 2007) (holding that sentence reflecting a proper Guidelines calculation and application of § 3553(a) factors is procedurally reasonable). The district court sentenced Mr. Ramirez-Santos at the bottom of the presumptively reasonable Guidelines range. See United States v. Kristl, 437 F.3d 1050, 1054 (10th Cir. 2006); Rita, 127 S. Ct. at 2462-63. The district court's explanations for imposing the sentence it chose were adequately reasoned, and Mr. Ramirez-Santos has offered no evidence to counter the presumption of reasonableness we give his sentence.

Having considered Mr. Ramirez-Santos's sentence, we find no abuse of discretion in the twenty-one-month sentence imposed. We therefore DISMISS this appeal and

-4-

GRANT counsel's motion to withdraw.

Entered for the Court


Mary Beck Briscoe
Circuit Judge