FILED
United States Court of Appeals
Tenth Circuit

September 6, 2007

Elisabeth A. Shumaker
Clerk of Court

**PUBLISH**

# UNITED STATES COURT OF APPEALS

# TENTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

No. 06-1510

LAWRENCE SEAN CONLAN,

Defendant-Appellant.

**Appeal from the United States District Court
for the District of Colorado
(D.C. No. 06-CR-00066-WDM)**

Submitted on the Briefs:

Raymond P. Moore, Federal Public Defender, and Lynn C. Hartfield, Assistant Federal Public Defender, Denver, Colorado, on the briefs for Defendant-Appellant.

Troy A. Eid, United States Attorney, and Martha A. Paluch, Assistant United States Attorney, Denver, Colorado, on the brief for Plaintiff-Appellee.

Before **HENRY**, **SEYMOUR**, and **GORSUCH**, Circuit Judges.

**SEYMOUR**, Circuit Judge.

Lawrence Sean Conlan appeals his sentence of fifteen months for violating 26 U.S.C. §7206(1), the filing of a false income tax return. Mr. Conlan was charged in a seven count indictment for filing false tax returns for the years 1998 through 2001. The indictment was part of a multi-state prosecution of individuals who were connected with an organization that marketed and sold fraudulent tax shelter programs, or who participated in the tax shelters as Mr. Conlan did. Mr. Conlan pled guilty to one count of the indictment, admitting that he filed a false income tax return for the year 2000. The district court sentenced him at the bottom of the applicable United States Sentencing Guideline range. On appeal, Mr. Conlan claims his sentence is both procedurally and substantively unreasonable. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we reverse the district court's sentencing decision and remand for resentencing.

**I**

At sentencing, the United States Probation Office recommended the court impose a sentence below the advisory guideline range of fifteen to twenty-one months and instead impose a term of three-years probation with the first six months to be served in home detention. The rationale for the probation officer's recommended variance was that Mr. Conlan's advisory guideline range was disproportionately long when compared to other defendants involved in the

scheme who had greater responsibility and caused greater monetary loss to the government.

The United States "vehemently" objected to the variance, rec., vol. IV, at 21, and repeatedly argued to the district court that Mr. Conlan had the burden of overcoming a presumption that the advisory guideline range was reasonable. *See id.* at 35 ("Under the 10th Circuit case law that's emerging, there is a presumption that the sentence under the guidelines is a reasonable one, and therefore there has to be something with reliable evidence that would overcome the presumption.); *id.* at 36 ("The 10th Circuit requires a good reason. That's what the case law says. It requires you to presume that the guideline range is reasonable, is a reasonable sentence, unless you find something is wrong with those guidelines from reliable evidence."); *id.* at 38 (The guideline sentence "is a sentence that is presumptively reasonable under the 10th Circuit case law.").

In pronouncing its sentence, the district court began by saying,

As we know, the law that controls this Court is now governed by the factors set forth in Title 18 U.S.C. 3553(a). There are several[,] including the guideline recommendations which I do consider. They are the product of extensive study and experience, and the 10th Circuit has told us that those conclusions are presumptively reasonable.

*Id.* at 47. The court recognized this to be a "difficult case." *Id.* While the court said it "certainly respect[ed] [the probation office's] judgment and recommendations and what [counsel] argued, . . . it [was] not enough . . . to

-3-

overcome the presumption of reasonableness of the guidelines." *Id.* at 50. In

completing its pronouncement, the court added,

> And I will note for the record as well that I agree with
> Government counsel that the guidelines are pretty clear that the
> intent was to increase custodial sentences with their adoption from
> what had been the practice on a preguideline basis. So it is my
> conclusion that there is no reason for me not to sentence the
> defendant within the presumptive range of reasonableness, and I will
> do so.

*Id.* Mr. Conlan began his fifteen-month sentence on January 15, 2007. *See* rec.,

vol. I, doc. 44. at 2.


## II

When reviewing a sentencing challenge, we evaluate sentences imposed by

the district court for reasonableness. *United States v. Booker*, 543 U.S. 220

(2005); *United States v. Kristl*, 437 F.3d 1050, 1053 (10th Cir. 2006).

"Reasonableness has both substantial and procedural components." *United States

v. Cage*, 451 F.3d 585, 591 (10th Cir. 2006). Procedural reasonableness involves

using the proper method to calculate the sentence. *Id.* Substantive

reasonableness involves whether the length of the sentence is reasonable given all

the circumstances of the case in light of the factors set forth in 18 U.S.C. §

3553(a). *See Kristl*, 437 F.3d at 1053.

"A sentence cannot, therefore, be considered reasonable if the manner in

which it was determined was unreasonable." *Id.* at 1055. In *United States v. Begay*, 470 F.3d 964, 977 (10th Cir. 2006), we held it was error for the district court to apply the appellate presumption of reasonableness to the advisory guidelines when sentencing. This decision was recently validated, although not specifically mentioned, in *Rita v. United States*, 127 S. Ct. 2456 (2007). *Rita* calls on district courts to "subject[] the defendant's sentence to . . . thorough adversarial testing," including consideration of arguments that the guidelines sentence "fails properly to reflect §3553(a) considerations." The Court emphasized that "[i]n determining the merits of these arguments, the sentencing court does not enjoy the benefit of a legal presumption that the Guidelines sentence should apply." *Id.* at 2458. *Rita* thus makes clear that the presumption of reasonableness applies only at the appellate level. *Id.* at 2465 ("We repeat that the presumption before us is an *appellate* court presumption."). *See also United States v. Wilms,* ___ F.3d ___, No. 06-1896, 2007 WL 2077367 (6th Cir. July 23, 2007) (reversing and remanding defendant's sentence due to imposition of a presumption of reasonableness at district court level in contravention to *Rita)*.

> [A] district court's job is not to impose a reasonable sentence. Rather, a district court's mandate is to impose a sentence sufficient, but not greater than necessary, to comply with the purposes of section 3553(a)(2). Reasonableness is the appellate standard of review in judging whether a district court has accomplished its task.

*Id.* at ___, 2007 WL 20777367 at *3 (quotation marks, emphasis, and citation

omitted).

In light of the recent decision in *Rita* and our decision in *Begay*, the government rightly concedes the district court erred in affording a presumption of reasonableness to the recommended advisory guideline sentence. Aple. Br. at 32. But it suggests Mr. Conlan should be held to a plain error standard when we review the court's error. To the contrary, we are persuaded Mr. Conlan preserved his argument that the guidelines are presumptively reasonable only at the appellate level when he asserted at sentencing,

> When you look at the 10th Circuit cases, we are talking about the *standard of review on appeal*, and that is what [*sic*] the court is saying at the 10th Circuit level and . . . this is going to be resolved at some point again at the Supreme Court because there are [*sic*] differences of opinion on the various circuits.

Rec., vol. IV at 43 (emphasis added). We therefore review the district court's error for harmlessness.

To establish harmless error, the United States has the burden to show by a preponderance of the evidence that the district court's error did not affect the court's selection of the sentence imposed. *United States v. Montgomery*, 439 F.3d 1260, 1263 (10th Cir. 2006). Recently in *United States v. Arrevalo-Olvera*, ___ F.3d ___, No. 06-2291, 2007 WL 2181514 (10th Cir. July 31, 2007), we held a *Begay* error was harmless where the district court exercised its discretion to impose a sentence *above* the low-end of the applicable guideline range. *Id.* at

___, *2. The government contends our decision in *Arrevalo-Olvera* should persuade us to find harmless error here as well. We disagree. Unlike Mr. Arrevalo-Olvera, Mr. Conlan was sentenced at the very bottom of his advisory guideline range, a sign we have taken in the past to indicate that the court may have done something differently had it not felt mistakenly bound by the guidelines. *See, e.g., Begay*, 470 F.3d at 976-77; *United States v. Nickl,* 427 F.3d 1286, 1301 (10th Cir. 2005); *United States v. Labastida-Segura,* 396 F.3d 1140, 1143 (10th Cir. 2005). The district court's erroneous application of the presumption of reasonableness – understandable given the government's argument and the pre-*Rita* confusion in this area – blinded it to the option of a variance. Here, the probation officer recommended a term of probation rather than the advisory guideline sentence and the district court clearly termed it a "difficult case." Rec. vol. IV, at 47.

It is also true the district court expressed concern regarding Mr. Conlan's hesitancy to take responsibility for his actions and his overall dishonesty. *See, e.g., id.* at 47, 49. Taking into account those concerns or other appropriate § 3553(a) factors, the court may determine again that the guideline sentence is reasonable. But given that the reasonableness standard is and was only an appellate standard, what the district court will do upon resentencing absent the illegal presumption "places us in the zone of speculation and conjecture."

*Labastida-Segura,* 396 F.3d at 1143.  Accordingly, we **REVERSE** and **REMAND**

for resentencing.[*]

---

[*]Because we are reversing Mr. Conlan's sentence based on the procedural error, we do not address his substantive challenges to his sentence.