[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 16, 2008
THOMAS K. KAHN
CLERK

No. 07-12427
Non-Argument Calendar

_____

D. C. Docket No. 07-00008-CR-3-LAC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUAN ERNESTO ARNETO-ANAYA,
a.k.a. Juan Ernesto Sarco,
a.k.a. Franklin Arneto Ayala,
a.k.a. Ernesto Jorge Anaya,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

**(January 16, 2008)**

Before DUBINA, CARNES and BARKETT, Circuit Judges.

PER CURIAM:

Appellant Juan Ernesto Arneto-Anaya appeals his 24 month sentence following his guilty plea to one count of illegally re-entering the United States after deportation, in violation of 8 U.S.C. § 1326. Arneto-Anaya argues that the district court incorrectly imposed an upward departure in calculating his sentence, or, alternatively, that the district court imposed an unreasonable sentence because it was at the statutory maximum and was four times the maximum of the guideline range. Specifically, Arneto-Anaya argues that the sentence was not justified based on his criminal history, that the characterization of two of his prior convictions as "violent offenses" was error, that his prior deportations are typical of illegal reentry cases and do not qualify for an upward departure, and finally, that any reference to his current gang membership was unsupported factually.

To determine whether the district court imposed a sentence based on a guideline departure or a 18 U.S.C. § 3553(a) variance, this court looks to the process utilized by the district court in making its determination. *See United States v. Irizarry*, 458 F.3d 1208 (11th Cir. 2006), *pet. for cert. filed* (Oct. 26, 2006) (No. 06-7517). In *Irizarry*, this court found that the district court varied its sentence based on the § 3553(a) factors.

> The district court correctly calculated the advisory guidelines range. The court then considered the adequacy of this range in the light of the sentencing factors listed in 18 U.S.C. section 3553(a) and the evidence presented at the sentencing hearing. After concluding that

2

> the guidelines range did not adequately address the future risk Defendant posed to the public, the court exercised its post- *Booker* discretion to impose a reasonable sentence outside the sentencing guidelines range.

*Irizarry*, 458 F.3d at 1211-1212 (internal citation omitted).

We review a sentence imposed as a result of a § 3553(a) variance for reasonableness. *United States v. Booker*, 543 U.S. 220, 264, 125 S.Ct. 738, 767 (2005). After *Booker*, sentencing review requires two steps: first, we must ensure that the district court committed no significant procedural error, and second, we must consider the substantive reasonableness of the sentence imposed. *See Gall v. United States*, ___ S. Ct. ___, No. 06-7949, slip op. at 12 (U.S. Dec. 10, 2007); *United States v. Talley*, 431 F.3d 784, 786 (11th Cir. 2005). We do not apply the reasonableness standard to each individual decision made during the sentencing process; rather, we consider the reasonableness of the ultimate sentence imposed in light of the § 3553(a) factors. *United States v. Martin*, 455 F.3d 1227, 1237 (11th Cir. 2006). Harmless error is applied to sentencing cases, and remand is unnecessary if the party defending the sentence persuades us that the district court would have imposed the same sentence absent the erroneous factor. *See Williams v. United States*, 503 U.S. 193, 203, 112 S.Ct. 1112, 1120-21(1992); *see also United States v. Mathenia*, 409 F.3d 1289, 1292 (11th Cir. 2005) ("If one can say 'with fair assurance ... that the [sentence] was not substantially swayed by the

3

error,' the [sentence] is due to be affirmed even though there was error.") (quoting *United States v. Hornaday*, 392 F.3d 1306, 1315-16 (11th Cir. 2004)).

Our reasonableness review is deferential, and requires us to "evaluate whether the sentence imposed by the district court fails to achieve the purposes of sentencing as stated in § 3553(a)." *Talley*, 431 F.3d at 788. The party challenging the sentence "bears the burden of establishing that the sentence is unreasonable in light of [the] record and the factors in section 3553(a)." *Id.* As stipulated by the Supreme Court, "[r]egardless of whether the sentence imposed is inside or outside the Guidelines range, the appellate court must review the sentence under an abuse-of-discretion standard." *See Gall*, ___ S. Ct. ___, slip op. at 12.

In arriving at a reasonable sentence, the district court is required to consider the factors set out in 18 U.S.C. 3553(a): (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide

restitution to victims. *Talley*, 431 F.3d at 786 (citing 18 U.S.C. § 3553(a)).

It is sufficient for the district court to acknowledge that it has considered these factors; it need not explicitly consider or discuss each of them. *United States v. Scott*, 426 F.3d 1324, 1329 (11th Cir. 2005). Further, "[t]he weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court." *United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007) (quotation omitted).

We have held that a district court, in determining a sentence, may properly consider a defendant's record of illegal re-entries into the United States, *United States v. Castrillon-Gonzalez*, 77 F.3d 403, 406-407 (11th Cir. 1996) (affirming the district court's decision to upwardly depart from the sentencing guidelines based, in part, on "defendant's multiple prior illegal entry and re-entries into the United States as an adult, and his repeated failure to comply with administrative orders not to reenter the country without permission"), as well as prior convictions properly noted in the PSI. *See United States v. Williams*, 438 F.3d 1272, 1273 (11th Cir.) (holding that "it was not error to enhance Williams' sentence on the basis of prior convictions properly noted in the presentence report (PSI)"), *cert. denied*, 127 S. Ct. 195 (2006).

The district court's decision to vary Arneto-Anaya's sentence under §

3553(a) was not an abuse of discretion because the guidelines calculations did not adequately represent his prior convictions and deportations. Therefore, Arneto-Anaya's total sentence of 24 months is substantively reasonable and is affirmed.

**AFFIRMED.**