FILED
United States Court of Appeals
Tenth Circuit

February 5, 2008

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

MAGDALENO DE JESUS-GOMEZ,

    Defendant-Appellant.

No. 07-2086

(D.C. No. CR-05-2198-WPJ)
(D. New Mexico)

ORDER AND JUDGMENT*

Before **BRISCOE, McKAY,** and **McCONNELL**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination

of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is,

therefore, submitted without oral argument.

Magdaleno De Jesus-Gomez appeals his sentence of forty-six months'

imprisonment for illegally reentering the United States after having been

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

convicted of an aggravated felony, in violation of 8 U.S.C. §§ 1326(a)(1), (a)(2), and (b)(2). The sentence was at the bottom of the range calculated under the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines"). De Jesus-Gomez argues that the district court erred in applying a presumption of reasonableness to the sentence calculated under the Guidelines. He also contends that his sentence was substantively unreasonable in light of the factors listed in 18 U.S.C. § 3553(a). We exercise jurisdiction pursuant to 28 U.S.C. § 1291, and remand with directions to vacate De Jesus-Gomez's sentence and resentence.

I.

De Jesus-Gomez is thirty-nine years old and a citizen of Mexico. In 1996, he pled guilty in Colorado state court to sexual assault on a child and was sentenced to eight years in prison. After serving his sentence, De Jesus-Gomez was deported to Mexico.

On March 31, 2005, United States Border Patrol agents apprehended De Jesus-Gomez near Columbus, New Mexico. He subsequently pled guilty to reentry of a deported alien previously convicted of an aggravated felony, in violation of 8 U.S.C. §§ 1326(a)(1), (a)(2), and (b)(2). The probation office then prepared a presentence report in advance of sentencing. It recommended a base offense level of eight, pursuant to U.S.S.G. § 2L1.2(a), as well as a sixteen-level enhancement under U.S.S.G. § 2L1.2(b)(1)(A) because of his previous conviction for sexual assault on a child, which the presentence report concluded was "a

2

crime of violence." It also recommended a three-level reduction for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1. After these adjustments, De Jesus-Gomez's final offense level was twenty-one, which, when combined with a criminal history category of III, resulted in a Guidelines sentencing range of forty-six to fifty-seven months' imprisonment. See U.S.S.G. § 4A1.1; id. ch. 5, pt. A.[1]

On February 8, 2007, De Jesus-Gomez filed a sentencing memorandum, in which he requested a sentence of time served.[2] He explained that he fled southern Mexico because of a contentious land dispute that had resulted in threats to his life, and he fled to the United States to avoid the poverty in northern Mexico. The government filed a response on February 12, 2007, arguing that De Jesus-Gomez's circumstances did not merit a departure or variance, and urging the district court to adhere to the Guidelines range. In its argument, the government contended that "the applicable guideline range has a presumption of reasonableness for the district court, and is not just an appellate review standard." Government Response at 2. On appeal, the government admits that its argument was incorrect.

At the sentencing hearing on March 6, 2007, the district court adopted the

------

[1] De Jesus-Gomez conceded at the sentencing hearing—and does not contest on appeal—that this was the proper calculation under the Guidelines.

[2] By the time of the sentencing hearing, De Jesus-Gomez had served approximately twenty-four months' imprisonment.

presentence report without change. The district court found no basis for a departure under the Guidelines, or a variance under the factors listed in 18 U.S.C. § 3553(a). The district court stated that "a sentence within a correctly calculated guideline range is a presumptively reasonable sentence," and that "[a] defendant may rebut the presumption of reasonableness by showing that the sentence is unreasonable when viewed against the factors delineated in 18 U.S.C. 3553(a)." Sentencing Transcript at 11. In analyzing De Jesus-Gomez's sentence under those factors, the court explained that, under § 3553(a)(6), "the guideline sentence . . . avoids unwarranted sentencing disparities among defendants with similar records." Id. Under § 3553(a)(1), moreover, the conviction for sexual assault on a child was "a serious offense" and "was the reason for the 16-level increase." Id. at 12. Also, under § 3553(a)(2), the court concluded:

> So the guideline sentence in this case, in my view, correctly reflects the seriousness of the offense; that is, the illegal reentry into this country after the defendant's prior deportation for an aggravated felony offense. The guideline sentence also will promote respect for the law and provide just punishment for the offense. The guideline sentence in this case, I will find, affords adequate deterrence to criminal conduct and will also protect the public from further crimes of the defendant.

Id. at 13. As for the problems De Jesus-Gomez faced in Mexico, the district court "simply [did not] consider that a basis for granting a sentencing variance under the sentencing guidelines." Id. Finally, the district court explained that "the presumption of reasonableness has not been overcome, and I will find that the

4

guideline sentence in this case is a reasonable sentence taking into account the sentencing factors of 18 U.S.C. 3553(a)." Id. The court denied De Jesus-Gomez's request for a variance and sentenced him to forty-six months' imprisonment.

## II.

On appeal, De Jesus-Gomez claims that his sentence is both procedurally and substantively unreasonable. "When reviewing a sentencing challenge, we evaluate sentences imposed by the district court for reasonableness." United States v. Conlan, 500 F.3d 1167, 1169 (10th Cir. 2007) (citing United States v. Booker, 543 U.S. 220 (2005); United States v. Kristl, 437 F.3d 1050, 1053 (10th Cir. 2006)); see also Gall v. United States, --- U.S. ---, 128 S. Ct. 586, 594 (2007) ("[A]ppellate review of sentencing decisions is limited to determining whether they are 'reasonable.'"). This inquiry includes both procedural and substantive components, and we "review the sentence under an abuse-of-discretion standard." Gall, 128 S. Ct. at 597. "Procedural reasonableness involves using the proper method to calculate the sentence. Substantive reasonableness involves whether the length of the sentence is reasonable given all the circumstances of the case in light of the factors set forth in 18 U.S.C. § 3553(a)." Conlan, 500 F.3d at 1169 (citations omitted).

*Procedural reasonableness*

De Jesus-Gomez first contends that his sentence is procedurally unreasonable because the district court erroneously believed that the "presumption of reasonableness" applied at the district court level. The government correctly concedes that the district court erred and that the presumption of reasonableness only applies at the appellate level. See Gall, 128 S. Ct. at 596-97; Rita v. United States, --- U.S. ---, 127 S. Ct. 2456, 2464-65 (2007); United States v. Arrevalo-Olvera, 495 F.3d 1211, 1213 (10th Cir. 2007); United States v. Begay, 470 F.3d 964, 975-76 (10th Cir. 2006). The government argues, however, that the district court's procedural error was harmless.

The government concedes that our harmless error standard applies here, so we will review the district court's procedural error under that standard. United States v. Montgomery, 439 F.3d 1260, 1263 n.3 (10th Cir. 2006) (reviewing for harmless error where "both parties agree the harmless error standard applies," even though we might otherwise have reviewed for plain error). But see United States v. Brown, 316 F.3d 1151, 1155 n.1 (10th Cir. 2003) (reviewing for plain error even though "[t]he government argues that we should apply harmless error analysis rather than plain error analysis"). "Harmless error is that which did not affect the district court's selection of the sentence imposed." Montgomery, 439 F.3d at 1263. The government has the burden of proving that the district court's sentencing error was harmless. See id.

6

The government has not shown that the district court's error was harmless. De Jesus-Gomez correctly notes that, in several cases where the district court erroneously applied a presumption of reasonableness and then sentenced a defendant at the bottom of the Guidelines range, we have reversed and remanded for resentencing. See, e.g., Conlan, 500 F.3d at 1170 ("Mr. Conlan was sentenced at the very bottom of his advisory guideline range, a sign we have taken in the past to indicate that the court may have done something differently had it not felt mistakenly bound by the guidelines."); Begay, 470 F.3d at 976-77 ("But the government fails to argue harmless error. Nor could it do so successfully. The sentence imposed was at the bottom of the Guidelines range. We cannot say whether the district court would have imposed the same sentence if it had properly understood the post-Booker legal landscape."); see also Arrevalo-Olvera, 495 F.3d at 1214 ("The district court's imposition of a sentence above the low end of the guideline range also makes Arrevalo-Olvera's case distinguishable from Begay."). This case is no different. The district court, after erroneously applying a presumption of reasonableness, and further stating that De Jesus-Gomez had not overcome that presumption, imposed a sentence at the very bottom of the Guidelines range. Under our precedent, "remand is required so that the district court can determine whether it should impose a lower sentence, even though a sentence within the Guidelines range may indeed be reasonable."

Begay, 470 F.3d at 976.  We therefore REMAND with directions to vacate De Jesus-Gomez's sentence and resentence.[3]

Entered for the Court

Mary Beck Briscoe
Circuit Judge

---

[3] Because we are remanding De Jesus-Gomez's sentence for resentencing based on procedural error, we need not address his contention that his sentence is substantively unreasonable.  Conlan, 500 F.3d at 1170 n.*.