# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-2620

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff - Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the District of |
| | * | South Dakota. |
| Robert Clay Kemp, | * | |
| | * | |
| Defendant - Appellant. | * | |

_____

Submitted: March 10, 2008
Filed: June 27, 2008

_____

Before MURPHY, ARNOLD, and BENTON, Circuit Judges.

_____

MURPHY, Circuit Judge.

Robert Clay Kemp was charged with four counts of passing counterfeit bills in violation of 18 U.S.C. § 472. He pled guilty to one count and was sentenced by the district court to 78 months of imprisonment, a $3,000 fine, and $900 restitution. Kemp appeals, raising a number of sentencing issues. We remand for resentencing.

After receiving a report that Kemp had been passing counterfeit money at a tavern in South Dakota, police arrested him on an outstanding warrant in September 2006. Over the course of subsequent interviews with police detectives and special

agents, Kemp admitted to possessing and passing counterfeit currency and to having been involved with two other persons in Nebraska manufacturing approximately $10,000 in counterfeit bills. Kemp explained that he had used a speed square and a razor to cut the bills and that he had passed some of the money at various places of business in South Dakota. Some $4,250 of the bills were destroyed as not passable.

Kemp was indicted on four counts of passing counterfeit notes in violation of 18 U.S.C. § 472, and pled guilty to one count of the indictment pursuant to a plea agreement in March 2007. In the plea agreement the parties projected an offense level of 15 to be reduced by two levels for acceptance of responsibility. The plea agreement contained an appeal waiver which preserved only Kemp's right to appeal the reasonableness of his sentence if it were above the advisory guideline range established by the court.

The presentence investigation report (PSR) calculated Kemp's recommended guideline range, adopting the stipulations in the plea agreement. Two levels were added to base offense level 9 because the face value of the counterfeit items exceeded $5,000, U.S.S.G. § 2B5.1(b)(1)(B), and another two levels for manufacturing counterfeit obligations. U.S.S.G. § 2B5.1(b)(2)(A). Since the crime consisted of manufacturing counterfeit United States currency, the PSR increased Kemp's offense level to 15 pursuant to U.S.S.G. § 2B5.1(b)(3). After a two point reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a), the PSR arrived at a total recommended offense level of 13, criminal history category VI, and advisory guideline range of 33 to 41 months. The government filed no objections to the PSR and recommended a sentence of 41 months.

The PSR documented Kemp's prior criminal conduct which included some 50 convictions between 1991 and 2006, consisting of a wide array of offenses including misdemeanor assault, issuing bad checks, driving under the influence, disturbing the peace, and criminal mischief, as well as several outstanding warrants. None of his prior convictions were identified as felonies. The PSR also reported that Kemp was

an unemployed high school graduate with no assets, numerous commercial debts, and unpaid financial obligations.

The district court gave notice to the parties pursuant to Fed. R. Crim. P. 32(h) that it expected to impose a substantial upward departure at sentencing. Kemp opposed an upward departure by pointing out that his past convictions had already been accounted for by his criminal history category VI and requested a sentence within the recommended guideline range of 33 to 41 months.

At the sentencing hearing the district court said it was departing upward to offense level 19 with a resulting range of 63 to 78 months and concluded that it would "impose a sentence of 78 months, and that probably is not a long enough sentence for this defendant." The court emphasized the number and frequency of Kemp's prior offenses and his irresponsible past behavior, remarking that "I have never seen a defendant, such as this one, with 50 criminal convictions." In addition to justifying the upward departure by Kemp's extensive criminal history, the district court included another basis for it, explaining that "an upward departure for use of a special skill is also appropriate" pursuant to U.S.S.G. § 3B1.3.

On appeal, Kemp objects to his sentence as unreasonable and argues that the district court erred on procedural and substantive grounds. He contends that the district court failed to satisfy the requirements set out in Gall v. United States, 128 S.Ct. 586 (2007), by not calculating his advisory guideline range and inadequately explaining how it arrived at his sentence, which was almost double the top of the guideline range recommended in the PSR. Kemp further submits that the district court improperly attributed to him a special skill in committing the offense, that it erroneously used that factor as a basis for an upward departure rather than as a guideline enhancement, and that it failed to give advance notice of this basis for its upward departure. Finally, Kemp argues that the district court erred in fining him $3,000 without consideration of the required statutory and guideline factors and that it imposed an incorrect amount of restitution due to a clerical mistake. Kemp requests

that his case be remanded for sentencing within the recommended advisory guideline range of 33 to 41 months, that his fine be vacated, and that the restitution amount be corrected.

The government responds that the district court did not abuse its discretion in departing upward in light of Kemp's extensive prior criminal history. It also submits that Kemp's plea agreement bars his attempt to appeal the district court's enhancement for use of a special skill as well as his fine and restitution, since the appeal waiver precludes appeals for any reason except to challenge the reasonableness of a sentence above the guideline range established by the court. In the alternative, the government argues that the district court did not clearly err in respect to these matters.

We review the district court's application of the advisory guidelines de novo and its factual findings for clear error. United States v. Miller, 511 F.3d 821, 823 (8th Cir. 2008). The sentence itself is reviewed for reasonableness, a standard akin to abuse of discretion. Gall, 128 S.Ct. at 597. We must first ensure that the district court committed no significant procedural errors, such as failing to calculate or improperly calculating the guideline range, imposing a sentence based on clearly erroneous facts, or failing to explain the sentence adequately. Id. We then review the sentence's substantive reasonableness under an abuse of discretion standard. Id.

At the sentencing hearing, the district court informed the parties that it rejected the stipulated offense level in the plea agreement and that it would depart upward to offense level 19 because criminal history category VI did not sufficiently account for Kemp's prior record and because he had used a special skill. The court also stated that in departing upward from criminal history category VI, it would move vertically down the advisory sentencing table until it found an appropriate sentence. See U.S.S.G. § 4A1.3(a)(4)(B).

A district court should begin sentencing proceedings by correctly calculating the defendant's advisory guideline range. Id. at 596, citing Rita v. United States, 127

S.Ct. 2456 (2007). The district court did not identify the guideline range from which it was departing upward to arrive at offense level 19, a six level difference from the recommendation in the PSR. Although the court may have intended to adopt the PSR's guideline calculations, it did not say that but rather said that it rejected the stipulated offense level. The court also did not articulate to what extent its upward departure was based on Kemp's criminal history as opposed to his use of a special skill in committing the offense. An upward departure for a defendant in criminal history category VI requires a finding of "egregious, serious criminal record in which even the guideline range for Criminal History Category VI is not adequate to reflect the seriousness of the defendant's criminal history." U.S.S.G. § 4A1.3, comment. n. 2(B). Although the advisory guidelines provide for a two level enhancement to a defendant's offense level for use of a special skill, they are silent about relying on such a skill to depart upward. See U.S.S.G. § 3B1.3. Moreover, the court did not articulate what Kemp's special skill was. See U.S.S.G. § 3B1.3, comment. n. 4 (special skill usually requires substantial education, training, or licensing). When Kemp objected to the district court's reliance on special skill as grounds for a departure, the court did not clarify how Kemp had used a special skill in committing the offense or whether it had intended to use the special skill provision as an enhancement.[1] See Gall, 128 S.Ct. at 597.

The government argues that Kemp largely waived his right to appeal his sentence, but his plea waiver does not apply to the extent he is attacking the reasonableness of a "sentence above the guideline range established by the Court." In his plea agreement Kemp waived his sentencing appeal rights, except that

---

[1]Even if the special skill provision were an appropriate basis for an upward departure, the district court was required to give prior notice about it pursuant to Fed. R. Crim. P. 32(h). In its memorandum to the parties about an upward departure, the district court only mentioned Kemp's criminal history.

[t]he parties agree that expressly excluded from this waiver of defenses and appeal rights is [his] right to appeal the sentence for a determination of reasonableness should the Court impose a sentence above the advisory guideline range established by the Court for the offense.

The waiver provision in the plea agreement has an ambiguity which the parties have not addressed. It is not clear what was meant by "the advisory guideline range established by the Court for the offense." If the district court in fact intended to adopt the 33 to 41 month guideline range recommended in the PSR and that was established as the advisory guideline range, Kemp could appeal the reasonableness of his sentence above that range. If the guideline range established by the district court was instead the 63 to 78 month range it calculated after departing upward, Kemp's waiver would not permit an appeal of his sentence since it was not outside the established range. In other words, Kemp's ability to appeal his sentence depends upon the interpretation of the ambiguous waiver provision in this plea agreement.

For purposes of this appeal we will assume that the plea agreement permits Kemp to challenge the reasonableness of the sentence above the guideline range originally established by the district court, whatever that was. See United States v. Andis, 333 F.3d 886, 890 (8th Cir. 2003) (en banc) (courts should construe plea agreements narrowly and resolve any ambiguities in favor of defendant's appellate rights). The problem remains that we are not sure that the district court adopted the guideline range recommended in the PSR because it did not make that clear at sentencing. Here, the district court committed a significant procedural error by failing to calculate Kemp's guideline range. See Gall, 128 S.Ct. at 596-97. It also did not adequately account for the two factors it relied on to depart upward by not explaining their relative weight and citing a guideline enhancement as a basis for departure. See id. at 597.

In light of these procedural errors, we do not decide whether the ultimate sentence was substantively reasonable and remand for resentencing. On remand, the district court should allow the parties to present arguments as to a reasonable sentence,

unambiguously calculate the appropriate guideline range, and make clear its reasons for any upward departure.[2]

Accordingly, we vacate Kemp's sentence and remand for resentencing.

_____

---

[2]On remand the district court may also choose to reconsider the amount of the fine and the asserted clerical error in the restitution amount.