# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-1993

_____

United States of America,                    *
                                             *
              Appellee,                      *
                                             *      Appeal from the United States
       v.                                    *      District Court for the
                                             *      Western District of Missouri.
Russell Henson,                              *
                                             *
              Appellant.                     *

_____

Submitted: January 15, 2008
Filed: November 24, 2008

_____

Before COLLOTON and SHEPHERD, Circuit Judges, and ERICKSON,[1] District Judge.

_____

COLLOTON, Circuit Judge.

       Russell Henson pled guilty to unlawful possession of a firearm as a previously convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).  The district

_____

[1]The Honorable Ralph R. Erickson, United States District Judge for the District of North Dakota, sitting by designation.

court[2] sentenced him to 84 months in prison, the bottom of his advisory guidelines range. We affirm.

In March 2006, a grand jury returned an indictment against Henson, charging him with unlawful possession of a firearm as a previously convicted felon. Henson pled guilty, and the presentence report prepared by the United States Probation Office calculated Henson's advisory guidelines range as 84 to 105 months' imprisonment.

At Henson's sentencing hearing, on April 16, 2007, the district court stated its belief that it was "obligated under 8th Circuit law to find the sentencing guidelines presumptively reasonable." (S. Tr. 8). As of that date, this court had held that a sentence within the advisory range was "presumptively reasonable" on appeal, *United States v. Lincoln*, 413 F.3d 716, 717-18 (8th Cir. 2005), and some district courts took this to mean that a similar presumption applied in the sentencing court. In *Rita v. United States*, 127 S. Ct. 2456 (2007), however, the Supreme Court clarified that while a court of appeals may apply a presumption of reasonableness when conducting substantive review of a sentence within the advisory range, "the sentencing court does not enjoy the benefit of a legal presumption that the Guidelines sentence should apply." *Id.* at 2465.

Henson's counsel astutely objected to the district court's application of a presumption of reasonableness, (S. Tr. 3-4), and it is now clear in light of *Rita* that the district court erred by applying such a presumption. This constitutes what *Gall v. United States*, 128 S. Ct. 586 (2007), described as a "significant procedural error." *Id.* at 597; *see United States v. Greene*, 513 F.3d 904, 907 (8th Cir. 2008).

_____

[2]The Honorable Fernando J. Gaitan, Jr., United States District Judge for the Western District of Missouri.

The government argues that the district court's error was harmless, and we agree that an examination for harmlessness is appropriate. Federal Rule of Criminal Procedure 52(a) provides that any error that does not affect substantial rights "must be disregarded." Prior to the invalidation of the mandatory guidelines, the Supreme Court held that a misapplication of the guidelines would be harmless if "the district court would have imposed the same sentence had it not relied upon the invalid factor or factors." *Williams v. United States*, 503 U.S. 193, 203 (1992). Misapplication of the guidelines is now one species of "significant procedural error," *Gall*, 128 S. Ct. at 597, still governed by a statutory provision, 18 U.S.C. § 3742(f)(1), that was discussed in *Williams* and left intact by *United States v. Booker*, 543 U.S. 220, 259 (2005).

We see nothing in *Gall* that undermines *Williams* or makes harmless-error analysis inapplicable to procedural sentencing errors. Henson admitted all facts necessary to the calculation of his advisory guideline range, *see* S. Tr. 3; *United States v. McCully*, 407 F.3d 931, 933 (8th Cir. 2005), so the district court's treatment of the range as presumptively reasonable is undoubtedly a non-constitutional error. It would be odd indeed to accord "structural" status to such a non-constitutional error when even most constitutional violations (including a Sixth Amendment violation at sentencing) may be deemed harmless upon a proper showing. *See Washington v. Recuenco*, 548 U.S. 212, 218 (2006); *United States v. Allen*, 406 F.3d 940, 944-45 (8th Cir. 2005) (en banc). Hence, we have indicated several times that a significant procedural error can be harmless, *United States v. Spikes*, 543 F.3d 1021, 1025-26 (8th Cir. 2008); *United States v. Vickers*, 528 F.3d 1116, 1121 (8th Cir. 2008); *United States v. Huff*, 514 F.3d 818, 821 (8th Cir. 2008); *Greene*, 513 F.3d at 908, and several other circuits agree. *United States v. Anderson*, 526 F.3d 319, 330 n.6 (6th Cir. 2008); *United States v. Grissom*, 525 F.3d 691, 696 (9th Cir. 2008); *United States v. Arneto-Anaya*, 262 F. App'x 936, 937 (11th Cir. 2008); *United States v. Kristl*, 437 F.3d 1050, 1054-55 (10th Cir. 2006). The nature of *Gall*'s procedural requirements may

affect the sort of showing that is necessary before such an error may be deemed harmless, but it does not render the error automatically prejudicial.

In this case, we conclude that the government has met its burden to show that the district court's procedural error did not substantially influence the outcome of the sentencing proceeding. *See Kotteakos v. United States*, 328 U.S. 750, 764-65 (1946). After Henson's counsel raised his objection to the presumption of reasonableness, the district judge denied Henson's request for a downward variance from the advisory guidelines. The judge then stated:

> I don't find the guidelines to be unreasonable in this case. So while I take [the presumption of reasonableness] into account, I see no reason that I would do anything different had I had the opportunity to not do that. So the request is denied.

(S. Tr. 8).

In our view, this statement makes clear that whether or not the court felt constrained by a presumption of reasonableness, it would have imposed the same sentence. Unlike post-*Gall* cases that we have remanded, where the district court stated that it would have preferred to grant a downward variance, *see Huff*, 514 F.3d at 821; *Greene*, 513 F.3d at 908, the district court here said the opposite. We need not even venture an inference that the error had no effect on the court's selection of the sentence, *cf. United States v. Nomeland*, 7 F.3d 744, 749 (8th Cir. 1993); here, the district court answered that question expressly, *see United States v. Thompson*, 403 F.3d 533, 535-36 (8th Cir. 2005), and it did so after taking into account the potential impact of the specific error involved. This case is thus unlike *United States v. Icaza*, 492 F.3d 967 (8th Cir. 2007), where we held that a "blanket statement" by a district judge that a sentence was "fair," where the statement was "intended to cover any and all potential guidelines calculation errors," was not sufficient to demonstrate harmless error. *Id.* at 971 (quoting *United States v. Bah*, 439 F.3d 423, 431 (8th Cir. 2006)).

-4-

In *Icaza*, there was no assurance that the district judge had specifically contemplated the possible error, or that the judge had considered whether a different advisory guideline range would affect the choice of a sentence. In this case, by contrast, we have a clear record that the judge intended to impose the same sentence with or without a presumption of reasonableness. We are thus persuaded that the court would have arrived at the same term of imprisonment absent the procedural error, and a remand is not required. *See Williams*, 503 U.S. at 203. Henson does not argue that the sentence is substantively unreasonable under 18 U.S.C. § 3553(a), and we do not believe that it is.

In his reply brief, Henson contends that the district court's error is not harmless, because the record does not show that the district court "engaged in the type of thorough 18 U.S.C. § 3553(a) analysis envisioned by *Rita*," and the district court "did not independently assess the reasonableness of a sentence in light of the entirety of 18 U.S.C. § 3553(a)." Henson asserts that the district court's mistaken use of a presumption of reasonableness cannot be harmless "where the foundational requirements of *Rita* have been ignored." The dissenting opinion advances a related argument that the district court did not adequately explain why it would have imposed a sentence within the advisory range without applying a presumption of reasonableness. *Post*, at 12 (citing *Rita*, 127 S. Ct. at 2468). In other words, the contention seems to be that even though the district judge stated that the procedural error did not affect his decision to select a sentence of 84 months' imprisonment, thus satisfying the normal harmless-error requirement that the error did not affect the outcome of the proceeding, the judge's alternative conclusion was plagued by a separate error – namely, a failure to explain adequately the conclusion that Henson would have received the same sentence without regard to any presumption of reasonableness.

To the extent these arguments are properly before us, we conclude that they are without merit. In discussing the "statement of reasons" that a sentencing judge must

provide under 18 U.S.C. § 3553(c), the Supreme Court in *Rita* explained that "[t]he appropriateness of brevity or length, conciseness or detail, when to write, what to say, depends upon circumstances," and "[t]he law leaves much, in this respect, to the judge's own professional judgment." 127 S. Ct. at 2468. "[W]hen a judge decides simply to apply the Guidelines to a particular case, doing so will not necessarily require lengthy explanation," because "[c]ircumstances may well make clear that the judge rests his decision upon the Commission's own reasoning that the Guidelines sentence is a proper sentence (in terms of § 3[5]53(a) and other congressional mandates) in the typical case." *Id.* The Supreme Court observed that when a defendant presents non-frivolous arguments for a variance, "the judge will normally go further and explain why he has rejected those arguments," *id.*, but *Rita* also indicates that "not every reasonable argument advanced by a defendant requires a specific rejoinder by the judge." *United States v. Gray*, 533 F.3d 942, 944 (8th Cir. 2008). *Compare Rita*, 127 S. Ct. at 2469 (concluding that "[t]he judge . . . considered Rita's lengthy military service, . . . both on active duty and in the Reserve, and Rita's receipt of 35 medals, awards, and nominations"), *with id.* at 2474 (Stevens, J., concurring) (observing that Rita's status as "a veteran who received significant recognition for his service to his country" was "not mentioned" by the district judge, and characterizing this as a "serious omission" and "significant flaw in the sentencing procedure").

The district judge's comments in this case were sufficient to explain his statement that whether or not the guidelines were presumptively reasonable, the judge would not "do anything different." (S. Tr. 8). Henson's argument for a downward variance from the advisory guideline range was based predominantly on his medical condition. (S. Tr. 4-6). The district judge stated that he had reviewed the presentence report, which set forth the medical issues to which Henson alluded. (S. Tr. 2, 4; PSR ¶¶ 53-61). The judge then went further and explained that he rejected Henson's contention because there are "federal medical facilities that can address these and other needs," and that "[w]hile I don't disagree it's probably a burden on the system,

-6-

. . . it's a burden the system has decided to undertake, and so I think in this case a sentence of 84 months is appropriate." (S. Tr. 9).

Whether the district court would have varied from the advisory range without regard to a presumption of reasonableness is a conceptually simple matter. The judge was presented with abundant information regarding the § 3553(a) factors through his review of the presentence report, *see United States v. Jones*, 493 F.3d 938, 941 (8th Cir. 2007) ("The report contains extensive information regarding [the defendant], his history and characteristics, the nature and circumstances of the offense, the kinds of sentences available, and a recommended advisory sentencing guidelines range, all of which are factors under § 3553(a)."), *vacated by* 128 S. Ct. 928 (2008), *and reinstated by* 275 F. App'x 561, 562 n.2 (8th Cir. 2008) (per curiam), and the judge expressly addressed Henson's principal argument for leniency. Context and the record demonstrate that the judge viewed this case as typical, that he believed the advisory guidelines established an appropriate sentence for the typical felon-in-possession case, and that Henson's personal circumstances did not warrant a different sentence. The judge's explanation for his decision to sentence within the advisory range, with or without a presumption of reasonableness, was therefore adequate.[3]

---

[3]We respectfully disagree with our dissenting colleague that this case is "analogous" to *United States v. Pena-Hermosillo*, 522 F.3d 1108 (10th Cir. 2008), where the court deemed a district court's explanation inadequate to explain an alternative holding. *Post*, at 10. In that case, the district court imposed a sentence of 121 months' imprisonment even assuming the correct advisory guideline range was 324-405 months' imprisonment. *Pena-Hermosillo*, 522 F.3d at 1117. The Tenth Circuit concluded that the district court's cursory explanation for the sentence was inadequate, "especially where the variance from the guidelines range is as large as this," and cited the requirement of 18 U.S.C. § 3553(c)(2) that the district court provide "the *specific reason* for the imposition of a sentence *different from the Guideline range.*" *Id.* (emphasis added) (internal quotation omitted). The court also relied on the Supreme Court's recent acknowledgment that "a major departure should be supported by a more significant justification than a minor one." *Id.* (quoting *Gall*, 128 S. Ct. at 597). The Court's guidance in *Rita* that a brief explanation may be

For these reasons, the judgment of the district court is affirmed.

SHEPHERD, Circuit Judge, dissenting.

Because I do not believe that the government has carried its burden of showing the harmlessness of the district court's significant procedural error,[4] applying a presumption of reasonableness to Henson's advisory guidelines range, I dissent.

In this case, the government, as "the party defending the sentence," bears the burden of "persuad[ing] the court of appeals that the district court would have imposed the same sentence absent the erroneous factor . . . ." Williams v. United States, 503 U.S. 193, 203 (1992); see 18 U.S.C. § 3742(1); United States v. Tabor, 531 F.3d 688, 692 (8th Cir. 2008). The government urges that the district court's

_____

sufficient to explain a sentence within the advisory range was inapplicable to the large variance at issue in *Pena-Hermosillo*. This case is different, because the district court needed only to explain why it believed that a sentence within the advisory range was appropriate, without regard to any presumption of reasonableness, and the court's relatively brief discussion was consistent with *Rita*. As the Tenth Circuit recognized in *Pena-Hermosillo*, "[t]he Supreme Court recently reiterated that the extent of the required explanation varies according to the circumstances of the case." *Id.*

[4]I note that our caselaw as to whether a significant procedural error can constitute harmless error is inconsistent. Compare United States v. Spikes, 543 F.3d 1021, 1025 (8th Cir. 2008) (stating that "an examination for harmlessness is appropriate" where the defendant objected to the significant procedural error); with United States v. Shy, 538 F.3d 933, 937 (8th Cir. 2008) (vacating sentence and remanding for resentencing in light of significant procedural error without harmless error or plain error review); United States v. Kemp, 530 F.3d 719, 723 (8th Cir. 2008) (same); United States v. Garcia-Hernandez, 530 F.3d 657, 665-66 (8th Cir. 2008) (same); United States v. Pepper, 518 F.3d 949, 953 (8th Cir.), cert. denied, 129 S. Ct. 138 (2008) (same). However, for purposes of this concurrence, I apply the harmless error standard because, even under such a standard, the government has failed to demonstrate that the significant procedural error was harmless.

-8-

significant procedural error was harmless because the judge stated that, even absent a presumption of reasonableness, he would have imposed the same sentence. The majority accepts the government's position.

The district court's explanation for Henson's sentence is as follows:

> Well, let me say, first of all, as counsel pointed out, that the court is obligated under 8th Circuit law to find the sentencing guidelines presumptively reasonable, and so I have to say that I take that into consideration in all the decisions that I make with regard to departures from the guidelines. And in addition to that, I don't find the guidelines to be unreasonable in this case. So while I take it into account, I see no reason that I would do anything different had I had the opportunity to not do that. So the request [to vary from the guidelines based on Henson's medical condition] is denied.

Tr. 8. With respect to Henson's request for a downward variance "based on the factors that are set forth in 18 U.S.C. 3553(a) . . . particular[ly] . . . the extreme medical problems that Mr. Henson is currently suffering from," Tr. 4, the district court stated:

> And that's health issues notwithstanding. We have, in your fair city, federal medical facilities that can address these and other needs. While I don't disagree it's probably a burden on the system, but it's a burden the system has decided to undertake, and so I think in this case a sentence of 84 months is appropriate, and that's what I'm going to sentence the defendant to, 84 months' custody . . . .

Tr. 9.

I agree with the majority that, in a "typical case," we do not require much explanation when a sentencing judge imposes a sentence within the defendant's advisory Guidelines range. See Rita v. United States, 551 U.S. ___, ___, 127 S. Ct.

-9-

2456, 2468 (2007); see also United States v. Gray, 533 F.3d 942, 944 (8th Cir. 2008). However, Henson does not assert a simple challenge to the adequacy of the district court's explanation for his sentence and need not do so. Rather, Henson seeks the reversal of his sentence based on the district court's application of a presumption of reasonableness to his Guidelines range, and we all agree that this constituted significant procedural error. Therefore, without a showing of harmlessness by the government, Henson must be resentenced. See 18 U.S.C. § 3742(1); Williams, 503 U.S. at 203; Tabor, 531 F.3d at 692. Accordingly, as previously stated, the government must "persuade" us that the presumption did not impact Henson's sentence. See id.; see also Tabor, 531 F.3d at 692. It is for this reason that the adequacy of the district court's sentencing explanation is at issue in this appeal. Therefore, contrary to the majority's characterization, this is not an ordinary lack-of-explanation sentencing case as Henson's sentence is premised on a misapplication of the Guidelines. See United States v. Anderson, 526 F.3d 319, 330 (6th Cir. 2008) ("If the premise from which the district court must begin its sentencing analysis . . . is incorrect, then it seems that an appellate court would have a difficult time saying that the result would have been unchanged." (internal citation omitted)); United States v. Langford, 516 F.3d 205, 217 (3d Cir. 2008) ("[W]hen the starting point for the § 3553(a) analysis is incorrect, the end point, i.e., the resulting sentence, can rarely be shown to be unaffected."); see also United States v. Bain, 537 F.3d 876, 886 (8th Cir. 2008) (Benton, J., concurring) (recognizing that significant procedural error "taint[s]" a district court's "entire § 3553(a) explanation").

This case is analogous to United States v. Pena-Hermosillo, 522 F.3d 1108 (10th Cir. 2008). There, the Tenth Circuit determined that the district court committed significant procedural error in its calculation of the advisory Guidelines range because it did not provide a sufficient explanation for its denial of the enhancements sought by the government. Id. at 1111-16. The court then observed, "Normally, our analysis would end here. But in this case the court held, in the alternative, that the same sentence would be imposed even if the advisory guideline range was determined to

-10-

be improperly calculated," because the "sentence [was] the most reasonable sentence upon consideration of all the [section 3553] factors . . . ." Id. at 1117 (quotation omitted). Determining that the district court's alternative holding meant that the court would impose the same sentence even if both recommended enhancements had been applied, the Tenth Circuit held that "where the district court offers no more than a perfunctory explanation for its alternative holding, it does not satisfy the requirement of procedural reasonableness." Id. at 1118. The court explained, "In the absence of explanation, we might be inclined to suspect that the district court did not genuinely 'consider' the correct guidelines calculation in reaching the alternative rationale, as is required under United States v. Booker, 543 U.S. 220, 259-60 (2005)." Id. (citing Gall v. United States, 552 U.S. ___, ___, 128 S. Ct. 586, 597 (2007)). Similarly, this court has indicated that a significant procedural error can only be rendered harmless by an alternative rationale for an identical sentence where the district court's alternative explanation is "detailed." United States v. Icaza, 492 F.3d 967, 970-71 (8th Cir. 2007); see Anderson, 526 F.3d at 330-31 (rejecting government's argument that a district court's misapplication of the Guidelines was harmless where the district court stated that it "ha[d] also determined that this would be the appropriate sentence and the sentence the Court would have imposed even had the Court determined that a different sentencing guideline range applied than the one the Court found applicable").

In this case, the district court's statement, "I see no reason that I would do anything different had I had the opportunity to [not presume Henson's Guidelines range reasonable]," Tr. 8, is the sort of "perfunctory explanation" rejected by the Tenth Circuit because it leaves an appellate court unsure of whether the sentencing court "genuinely 'consider[ed]' the [Guidelines range as advisory] in reaching the alternative rationale . . . ." See Pena-Hermosillo, 522 F.3d at 1117. Further, it is lacking a "detailed" alternative rationale for the district court's assertion that an identical sentence would be appropriate, even without presuming Henson's Guidelines range to be reasonable. See Icaza, 492 F.3d at 970-71; see also Anderson, 526 F.3d

-11-

at 330-31. After all, a "sentencing judge [must have] set forth enough to satisfy the appellate court that he has . . . a reasoned basis for exercising his own legal decisionmaking authority." Rita, 127 S. Ct. at 2468. Apart from the presumption, I am unable to discern a clear explanation of Henson's sentence in the record. The majority treats the district court's rejection of Henson's argument for a sentence of 60 months based on his medical problems as supporting the conclusion that the government has shown that the application of a presumption of reasonableness to Henson's Guidelines range did not impact his sentence. I disagree. The district court's statement reveals its reasoning for refusing to impose a sentence of 60 months based on Henson's medical condition; however, it does not explain why, absent the presumption, 84 months was the appropriate sentence.

Moreover, the Tenth Circuit has, in several cases, reversed and remanded for resentencing where, as in this case, the district court erroneously applied a presumption of reasonableness and then sentenced the defendant at the bottom of the Guidelines range. See United States v. Conlan, 500 F.3d 1167, 1170 (10th Cir. 2007) ("[The defendant] was sentenced at the very bottom of his advisory guideline range, a sign we have taken in the past to indicate that the court may have done something differently had it not felt mistakenly bound by the guidelines."); see also United States v. De Jesus-Gomez, 263 F. App'x 707, 710 (10th Cir. 2008) (unpublished) (vacating and remanding for resentencing where "[t]he district court, after erroneously applying a presumption of reasonableness, and further stating that [the defendant] had not overcome that presumption, imposed a sentence at the very bottom of the Guidelines range."); United States v. Begay, 470 F.3d 964, 976-77 (10th Cir. 2006) ("But the government fails to argue harmless error. Nor could it do so successfully. The sentence imposed was at the bottom of the Guidelines range. We cannot say whether the district court would have imposed the same sentence if it had properly understood the post-Booker legal landscape."), rev'd on other grounds, 128 S. Ct. 1581 (2008). Henson's very-bottom-of-the-Guidelines-range sentence indicates that, had the district court not been operating under the incorrect notion that the Guidelines range was

presumptively reasonable, it might have sentenced Henson in a different manner. <u>See</u> <u>Conlan</u>, 500 F.3d at 1170.  This further suggests that the district court's error was not harmless.

In sum, absent significant procedural error, the sentencing explanation given by the district court in this case might be sufficient.  However, the district court committed the significant procedural error of presuming Henson's Guidelines range to be reasonable, burdening the government with demonstrating the error's harmlessness, i.e., that the district court did not rest Henson's very-bottom-of-the-Guidelines-range sentence on the presumption.  The majority agrees but finds that the government made the requisite showing by pointing to the district court's apparent attempt to innoculate Henson's sentence from reversal by stating that, even without the presumption, it would impose an identical sentence.  In my view, more explanation is required to remove the taint of the district court's significant procedural error.  Because I find the district court's bare statement insufficient to demonstrate harmlessness, I would vacate Henson's sentence and remand for resentencing.

———————————————