**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 1, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

NATHAN STEVEN MARTINEZ,
also known as Nate,

    Defendant-Appellant.

No. 07-8049

(D.C. No. 06-CR-280-J)
(Wyoming)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE, MURPHY,** and **HARTZ,** Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is, therefore, submitted without oral argument.

Defendant-Appellant Nathan Steven Martinez pleaded guilty to conspiracy to possess with intent to distribute, and to distribute, methamphetamine and

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

cocaine, in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(A) and 21 U.S.C. § 846. The district court sentenced him to seventy months' imprisonment followed by three years' supervised release. On appeal, Mr. Martinez's counsel has filed a brief arguing that there are no legally viable issues for appeal in accordance with Anders v. California, 386 U.S. 738 (1967). The government has declined to file a response. Mr. Martinez was served with a copy of the brief and has failed to respond. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), and we dismiss the appeal and grant counsel's motion to withdraw.

On November 15, 2006, a federal grand jury returned an indictment charging Mr. Martinez with one count of conspiracy to possess with intent to distribute, and to distribute, methamphetamine and cocaine, in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(A), and (b)(1)(B) ("Count One"); and one count of possession with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) ("Count Two"). At a change of plea hearing held on March 15, 2007, Mr. Martinez pleaded guilty to Count One pursuant to a plea agreement entered into with the government. (Count Two was later dismissed on the government's motion.) Under the plea agreement, the parties stipulated that the quantity of drugs upon which Mr. Martinez's sentence would be based was between 500 grams and 1.5 kilograms. The parties also agreed that if Mr. Martinez continued to provide assistance to the authorities, the government would retain the discretion to file a motion for downward departure within one

2

year of sentencing. Pursuant to Rules 11(c)(1)(C) & (c)(3)(A) of the Federal Rules of Criminal Procedure, the district court accepted the plea agreement and Mr. Martinez's guilty plea.

The case proceeded to sentencing. The presentence investigation report ("PSR"), as initially prepared, calculated Mr. Martinez's base offense level at 34 under § 2D1.1 of the Sentencing Guidelines. This calculation was based upon the estimated total quantity of drugs that Mr. Martinez distributed, rather than the quantity agreed to in the plea agreement. Following the application of a two-level safety-valve reduction and a three-level reduction for acceptance of responsibility, the PSR calculated Mr. Martinez's total offense level at twenty-nine, which, when coupled with a criminal history category of I, resulted in an advisory Guidelines range of eighty-seven to one hundred eight months' imprisonment. After receiving an objection from the government, the probation office revised the PSR to reflect the quantity of drugs agreed to in the plea agreement. With all other sentencing factors remaining the same, the total offense level became twenty-seven, resulting in an advisory Guidelines range of seventy to eighty-seven months' imprisonment.

A sentencing hearing was held on May 31, 2007. Counsel for Mr. Martinez and the prosecutor both agreed with the PSR's revised calculation of the Guidelines range, and the prosecutor recommended a sentence of seventy months' imprisonment, at the low end of the Guidelines range. After considering the

3

circumstances of Mr. Martinez's offense, his personal circumstances, and the factors set forth in 18 U.S.C. § 3553(a), the district court imposed a sentence of seventy months, at the bottom of the advisory Guidelines range.

Final judgment was entered on June 5, 2007. Mr. Martinez filed a timely *pro se* notice of appeal on June 12, 2007, stating that:

> I am writing this letter to appeal my sentence. I understand my sentence was reduced. After reviewing my presentence investigation report my total offense level would be 24 if my conspiracy started at level 34. But due to my plea agreement my level should have started at 32 bringing the final level to 22.

ROA Vol. I, Doc. 201 (citing PSR at 16 ¶ 53).

Under Anders, a court-appointed defense counsel who believes an appeal would be "wholly frivolous" may

> submit a brief to the client and the appellate court indicating any potential appealable issues based on the record. The client may then choose to submit arguments to the court. The Court must then conduct a full examination of the record to determine whether defendant's claims are wholly frivolous. If the court concludes after such an examination that the appeal is frivolous, it may grant counsel's motion to withdraw and may dismiss the appeal.

United States v. Calderon, 428 F.3d 928, 930 (10th Cir. 2005) (citing Anders, 386 U.S. at 744).

We agree with counsel that there is no merit to Mr. Martinez's appeal. It appears that when Mr. Martinez filed his notice of appeal, he did not realize that the probation office and the district court had corrected the original, erroneous PSR and had reduced his base offense level from thirty-four to thirty-two in

accordance with the terms of his plea agreement. To the extent that Mr. Martinez's notice of appeal can be construed to challenge his sentencing in accordance with a total offense level of twenty-seven, rather than the total offense levels of twenty-four and twenty-two referenced in his notice of appeal, we must also reject this challenge. As described by the section of the PSR that Mr. Martinez cites in his notice of appeal, any further reduction in offense level was contingent upon the government filing a motion for downward departure. The filing of this motion was discretionary on the part of the government based upon whether Mr. Martinez continued to provide the government with assistance. The record before us does not show that the government ever filed such a motion.

Nor do we perceive any other potentially meritorious issues for appeal. There has been no showing that Mr. Martinez's guilty plea was not knowing and voluntary. See Brady v. United States, 397 U.S. 742, 755-56 (1970). We further agree with counsel for Mr. Martinez that the issues identified in the Anders brief are not legally viable. We are given pause by the district court's statement at the change of plea hearing that "a lawful guideline sentence is considered to be a reasonable sentence under the law of this circuit." ROA Vol. III at 13. This might be taken as an indication that the district court impermissibly applied a presumption of reasonableness to the within-Guidelines sentence, which would amount to procedural error. See United States v. Conlan, 500 F.3d 1167, 1169 (10th Cir. 2007). When read in context, however, this statement at the change of

5

plea hearing was more likely intended to inform the defendant that *this* court would apply a presumption of reasonableness to a within-Guidelines sentence. At the sentencing hearing itself, the district court correctly recognized that the Guidelines were advisory, and the court gave full consideration to the § 3553(a) factors. There is no indication that the court applied a presumption of reasonableness to the Guidelines at sentencing.

We find no basis for concluding that the Guidelines range was improperly calculated or that the district court misapplied the § 3553(a) factors. See United States v. Geiner, 498 F.3d 1104, 1107 (10th Cir. 2007) (holding that sentence reflecting a proper Guidelines calculation and application of § 3553(a) factors is procedurally reasonable). The district court sentenced Mr. Martinez at the bottom of the presumptively reasonable Guidelines range. See United States v. Kristl, 437 F.3d 1050, 1054 (10th Cir. 2006). The district court's reasons for imposing the sentence it chose were well explained, and Mr. Martinez has offered no evidence to counter the presumption of reasonableness we give his sentence.

Having considered Mr. Martinez's conviction and sentence, we find no error. We therefore DISMISS this appeal and GRANT counsel's motion to withdraw.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

6