FILED
United States Court of Appeals
Tenth Circuit

February 12, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

TIMOTHY BRIAN LINER,

Defendant-Appellant.

No. 09-4058
(D.C. No. 2:08-CR-00570-TS-1)
(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **PORFILIO**, and **O'BRIEN**, Circuit Judges.


Defendant-Appellant Timothy Brian Liner pleaded guilty to one of five

counts of possession of methamphetamine with intent to distribute it, in violation

of 21 U.S.C. § 841(a)(1). The conviction carried a five year mandatory minimum

sentence. The district court granted Mr. Liner a four-level downward departure

based on his substantial assistance. With this departure, Mr. Liner's advisory

---

[*]  After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

sentencing guideline range was 110 to 137 months of imprisonment. Mr. Liner moved for a downward variance, requesting a 60-month sentence. The district court denied this motion and sentenced Mr. Liner to 110 months' imprisonment. Mr. Liner appeals the substantive reasonableness of his sentence. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we affirm.

## I. BACKGROUND

Mr. Liner was arrested five times in seven months; each time police found methamphetamine and related drug paraphernalia on Mr. Liner or in his vehicle or residence. He was federally indicted on five counts of possession of methamphetamine with intent to distribute, and he pleaded guilty to one of the drug counts.

A Presentence Investigation Report ("PSR") was prepared. The total drug quantity from the five arrests was 141.7 grams, which resulted in an offense level of 32. The PSR indicated that Mr. Liner, then 42, began abusing alcohol and marijuana in 1982, when he was 16 years old. He began using cocaine when he was 22, and methamphetamine when he was 29. According to the PSR, Mr. Liner smokes or injects methamphetamine every day. He has experimented with heroin, LSD, mushrooms, and ecstacy. He sells drugs to support his own drug habit. He attended, but did not complete, two in-patient substance abuse treatment programs, once in 1995 and the other in 2003.

Mr. Liner was convicted of theft once in 1985, three times in 1988; once in 1991; and once in 1992. He was convicted of disorderly conduct in 1988; false evidence of title in 1989; criminal trespass in 1990; driving under the influence and giving false information to police in 1991; having an open container in 1997; attempted illegal possession/use of a controlled substance and theft in 1997; simple assault in 1997; possession of drug paraphernalia in 1997; illegal possession and use of a controlled substance in 1999; disorderly conduct in 2000; possession of a dangerous weapon in 2000; illegal possession of a controlled substance in 2000; failure to appear in 2003; simple assault in 2003; failure to stop for police in 2004; and no proof of insurance in 2007. Accordingly, under the United States Sentencing Guidelines, Mr. Liner's criminal history resulted in a Criminal History Category VI. The PSR calculated that with this criminal history, and after making a departure for acceptance of responsibility, Mr. Liner's offense level was 29 and his Guideline range was 151 to 188 months.

The government did not object to the PSR and requested the court sentence Mr. Liner to 114 months' imprisonment. Mr. Liner did not object to the sentencing factors but he did file a sentencing memorandum requesting a variance from the Guidelines. Arguing that he was drug addict who needed rehabilitation, and that all of his prior crimes were related to his addiction, he asked the court to sentence him near the mandatory minimum of 60 months, and allow him to complete the Residential Drug Abuse Program (RDAP).

The district court denied Mr. Liner's motion for a below-guidelines sentence of 60 months, but it did recommend that he be enrolled in the RDAP. The court granted Mr. Liner a four-level downward departure for substantial assistance. Thus, applying the Guidelines, the district court found that Mr. Liner had an offense level of 25, a criminal history of category VI, with a resulting Guideline range of 110 to 137 months. Considering the sentencing factors of 18 U.S.C. § 3553, the district court concluded that Mr. Liner's history and characteristics weighed in favor of a high sentence. The court noted that Mr. Liner's offense was a very serious one: he was a drug distributor, who had possessed over 140 grams of methamphetamine. It noted that Mr. Liner had embraced a drug and crime lifestyle; had learned nothing from the relatively lenient sentences he had received in the past; reoffended as soon as he was in a position to do so; had little or no history of employment; and failed to complete two drug treatment programs. The district court did acknowledge that Mr. Liner was trying to change his life by taking classes and receiving a high school diploma. But the court expressed concern that Mr. Liner had several episodes of violent criminal history, which it described. The court sentenced Mr. Liner to 110 months' imprisonment, followed by 60 months of supervised release.

## II. ANALYSIS

On appeal, Mr. Liner challenges the substantive reasonableness of his sentence. He acknowledges that the sentence was within a properly calculated

sentencing Guideline range and that the district court considered and discussed all of the relevant sentencing factors set out in § 3553. Nonetheless, he argues that the circumstances of his offense are markedly different from the circumstances underlying most § 841(a)(1) prosecutions and, thus, that his sentence was manifestly unreasonable. We find no merit in Mr. Liner's argument.

This court reviews sentences for reasonableness under a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 41 (2007). We also review "a district court's decision to grant or deny a variance under a deferential abuse of discretion standard." *United States v. Beltran*, 571 F.3d 1013, 1018 (10th Cir. 2009). A sentence that is within a properly-calculated Guidelines range is entitled to a rebuttable presumption of reasonableness. *United States v. Sells*, 541 F.3d 1227, 1237 (10th Cir. 2008), *cert. denied*, 129 S.Ct. 1391 (2009). A defendant may rebut this presumption by demonstrating that the sentence is unreasonable when viewed against the § 3553(a) factors. *Id*.

Mr. Liner does not assert any procedural unreasonableness, only substantive unreasonableness. "Substantive reasonableness involves whether the length of the sentence is reasonable given all the circumstances of the case in light of the factors set forth in [§ 3553(a)]." *United States v. Conlan*, 500 F.3d 1167, 1169 (10th Cir. 2007). A district court's sentence is substantively unreasonable only if it is "arbitrary, capricious, whimsical, or manifestly

unreasonable." *United States v. Friedman*, 554 F.3d 1301, 1307 (10th Cir. 2009) (quotation omitted).

There is no evidentiary support for Mr. Liner's assertion that the circumstances of his offense are markedly different from most § 841 prosecutions. He possessed enough methamphetamine in *each* of the five arrests that led to his indictment to trigger a five-year mandatory minimum sentence on each count. Thus, his argument that he possessed relatively small amounts of methamphetamine is meritless. Further, he admits that he was distributing methamphetamine, a very serious offense.

Mr. Liner's assertion that the district court's sentence was based on a mischaracterization of his violent criminal history is also unpersuasive. The district court stated that Mr. Liner had a conviction for "swinging at officers with a loaded gun." R. Vol. IV at 13. This statement does appear to slightly misstate the PSR's statement that Mr. Liner repeatedly swung at officers during an arrest and that police later found a loaded gun in a nearby drawer. But this minor discrepancy does not alter the violent nature of swinging at police officers and possessing a loaded firearm, nor any of Mr. Liner's other violent criminal behavior, including beating his girlfriend and holding her captive for a day and punching his girlfriend's brother. The district court's characterization of Mr. Liner's violent criminal behavior is supported by the record.

Mr. Liner's assertion that he was quickly released after each of the five arrests does not demonstrate that his sentence was unreasonable. Rather, it merely supports the district court's finding that Mr. Liner reoffends as soon as he is in a position to do so. Similarly, Mr. Liner's assertion that he is addicted and in need of drug rehabilitation does not demonstrate that the district court's sentence was manifestly unreasonable. The district court did take into consideration Mr. Liner's need for "medical care, or other correctional treatment," § 3553(a)(2)(D), and recommended him for the RDAP program. But the court also took into account *all* of the § 3553(a) factors, including the seriousness of Mr. Liner's offense; his repeated offenses; the need for adequate deterrence; and protecting the public from further crimes by Mr. Liner.

The seriousness of Mr. Liner's criminal conduct, including his drug distribution; his long drug lifestyle and criminal, occasionally violent, history; his repeated offenses; and his failure to complete two previous treatment programs all support the district court's sentence. Indeed, we find Mr. Liner's arguments that his sentence was manifestly unreasonable to be so wholly without merit that we are compelled to remind Mr. Liner's counsel of his ethical obligation not to present frivolous arguments to this court. Attorneys may always file a motion to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967), when there are no non-frivolous grounds for appeal.

-7-

In summary, given the facts presented and the court's reasoned analysis of the § 3553(a) sentencing factors, its decision to deny Mr. Liner's requested variance and to impose a within-Guidelines range sentence was not an abuse of discretion.

AFFIRMED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge