**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 23, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

SERGIO ROCHA-RODRIGUEZ,

    Defendant-Appellant.

No. 10-2157
(D.C. No. 2:09-CR-03612-JAP-1)
(D. N.M.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE,** Chief Judge, **TACHA** and **MURPHY**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is, therefore, submitted without oral argument.

Defendant/appellant Sergio Rocha-Rodriguez pled guilty to illegal reentry in violation of 8 U.S.C. §§ 1326(a) and (b) and was sentenced to twenty-four months'

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

imprisonment and three years' supervised release. He appeals his sentence. Rocha-Rodriguez's counsel filed an Anders brief asserting that there are no non-frivolous claims that could be raised on appeal and moving to withdraw as counsel. See Anders v. California, 386 U.S. 738 (1967). Rocha-Rodriguez has also filed with the court a pro se letter asserting that he thought he could legally reenter the United States and providing reasons to support our reconsideration of his present conviction and sentence. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we grant counsel's motion to withdraw and dismiss this appeal.

I

On October 28, 2005, Rocha-Rodriguez was convicted in Colorado state court of attempted possession of more than one gram of a controlled substance and sentenced to three years' imprisonment. After serving his sentence, he was deported on September 15, 2009. On September 24, 2009, Rocha-Rodriguez was found north of the United States/Mexico International Boundary and east of the Columbus, New Mexico port of entry in Luna County, New Mexico. He had not obtained permission from the Attorney General to reenter the United States. On March 30, 2010, he pled guilty to illegal reentry in violation of 8 U.S.C. §§ 1326(a) and (b).

The Presentence Investigation Report (PSR) assigned Rocha-Rodriguez a base offense level of 8, added four levels because Rocha-Rodriguez was previously deported after a felony conviction, and subtracted two levels for acceptance of responsibility, resulting in a total offense level of 10. The PSR identified prior sentences resulting in

twenty-three criminal history points, but reduced the total points to twenty-one pursuant to U.S. Sentencing Guidelines Manual § 4A1.1(c) (providing that a maximum of four points may be added for prior sentences of less than sixty days). The PSR assigned Rocha-Rodriguez a criminal history category of VI, resulting in a guidelines sentencing range of twenty-four to thirty months' imprisonment. The district court sentenced Rocha-Rodriguez to twenty-four months' imprisonment.

II

Following the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), we review sentences for procedural and substantive reasonableness. United States v. Friedman, 554 F.3d 1301, 1307 (10th Cir. 2009). "Procedural review asks whether the sentencing court committed any error in calculating or explaining the sentence. Substantive review 'involves whether the length of the sentence is reasonable given all the circumstances of the case in light of the factors set forth in 18 U.S.C. § 3553(a).'" United States v. Alapizco-Valenzuela, 546 F.3d 1208, 1214-15 (10th Cir. 2008) (quoting United States v. Conlan, 500 F.3d 1167, 1169 (10th Cir. 2007) (internal citation omitted).

In determining whether the sentence imposed by the district court is procedurally sound, we review the district court's "legal conclusions de novo and its factual findings for clear error." United States v. Kristl, 436 F.3d 1050, 1055 (10th Cir. 2006). We review the substantive reasonableness of the sentence imposed under an abuse of discretion standard. United States v. Sayad, 589 F.3d 1110, 1117 (10th Cir. 2009). A

3

within-guidelines sentence is afforded a rebuttable presumption of reasonableness on appeal. United States v. Beltran, 571 F.3d 1013, 1018 (10th Cir. 2009). This standard is deferential, and "[t]he defendant may rebut this presumption by showing that his sentence is unreasonable in light of the sentencing factors delineated in 18 U.S.C. § 3553(a)." Alapizco-Valenzuela, 546 F.3d at 1215. However, "the fact that the appellate court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." Gall v. United States, 552 U.S. 38, 51 (2007).

III

It appears from counsel's Anders brief and Rocha-Rodriguez's letter to this court that Rocha-Rodriguez believes his sentence is procedurally unreasonable because his criminal history was miscalculated, and that it is substantively unreasonable because he was told that he could remain in the United States, the crimes he committed were minor, and he needs to support his son and his fiancée.

Rocha-Rodriguez argues that the PSR overstated his criminal history because he was found not guilty of a drug trafficking charge. We presume that Rocha-Rodriguez refers to the 2005 Colorado attempted possession conviction, which is the only felony drug offense mentioned in the PSR. There is no evidence to support Rocha-Rodriguez's assertion that he was "proven not guilty of this charge in March of [2010] . . . ." Dkt. No. 01018556811 at 1. The PSR states that he pled guilty to this charge on August 11, 2005 and does not indicate that the conviction was vacated. He served his sentence of imprisonment and was subsequently deported. Any other drug trafficking charge of

4

which Rocha-Rodriguez may have been found not guilty was not mentioned in the PSR and did not factor into the guidelines calculation. The district court did not err in computing Rocha-Rodriguez's guidelines range.

Rocha-Rodriguez also argues that his sentence is substantively unreasonable because his prior crimes were minor, he should not have been deported in the first place, and he needs to provide support to his young son and his fiancée, who is an American citizen and has a medical condition. However, Rocha-Rodriguez has five prior felony convictions and several misdemeanor convictions. After he spent three years in Colorado state prison, he was deported and illegally reentered the United States nine days later. Rocha-Rodriguez has not rebutted the presumption that his sentence is reasonable. The district court did not abuse its discretion in imposing a sentence at the bottom of the guidelines range.

Rocha-Rodriguez also appears to challenge the validity of his 2009 deportation, arguing it was based on a false charge and that a federal immigration judge had "declared [him] not deportable on the basis of [his] permanent resident status." Dkt. No. 01018556811 at 1. Rocha-Rodriguez cannot argue—subsequent to a guilty plea and for the first time on appeal—that his illegal reentry conviction is invalid by attacking his prior deportation. Title 8, U.S.C. § 1326(d) provides that an alien may not collaterally attack a prior deportation order unless the alien demonstrates that he or she exhausted any available administrative remedies, that the prior deportation proceedings improperly deprived him or her of the opportunity for judicial review, and that the entry of the order

5

was fundamentally unfair. Rocha-Rodriguez has made no such arguments and, therefore, cannot collaterally attack his deportation.

For these reasons, counsel's motion to withdraw is granted and this appeal is dismissed.

Entered for the Court


Mary Beck Briscoe
Chief Judge

6