# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-3950

_____

United States of America,        *
                                 *

        Appellee,        *

                                *    Appeal from the United States
    v.                    *    District Court for the Eastern
                                *    District of Arkansas.

Dexter Ross,            *

                                *    [UNPUBLISHED]

        Appellant.     *

_____

Submitted: April 23, 2009
Filed: April 28, 2009 (corrected 4/30/09)

_____

Before WOLLMAN, MURPHY, and MELLOY, Circuit Judges.

_____

PER CURIAM.

Dexter Ross was found guilty by a jury of drug and firearm charges. In a prior appeal, this court affirmed Ross's convictions, but remanded for resentencing because the sentencing judge had improperly suspended part of the sentence. <u>See</u> <u>United States v. Ross</u>, 487 F.3d 1120, 1121, 1124 (8th Cir. 2007). On remand, the district court imposed a 96-month prison sentence. Ross appeals, arguing that the district court was unaware of its full sentencing discretion because the resentencing occurred before the Supreme Court's decision in <u>Gall v. United States</u>, 128 S. Ct. 586 (2007).

At the resentencing hearing, the district court, referring to Ross's requested 60-month sentence as a variance of more than 50%, stated that it did not believe such a

variance "would withstand scrutiny under the Eighth Circuit case law." This court's case law at that time included United States v. Claiborne, 439 F.3d 479 (8th Cir. 2006), vacated, 551 U.S. 87 (2007), which held that a sentence outside the Guidelines range had to be supported by a justification that was proportional to the difference between the advisory range and the sentence imposed. See id. at 481. The Supreme Court in Gall rejected this court's approach of requiring extraordinary circumstances to justify a sentence outside the Guidelines range and rejected any rigid mathematical formula that used the percentage of a departure as the standard for determining the strength of the required justifications. See Gall, 128 S. Ct. at 595. We find that the district court's comments suggest it might have granted a larger variance if it had not felt constrained by this court's case law, and we do not believe that the government has shown that the resulting error was harmless. Cf. United States v. Huff, 514 F.3d 818, 820-21 (8th Cir. 2008) (remanding where district court stated, in pre-Gall sentencing, that it might have imposed lower sentence but for Eighth Circuit precedent and wished to review sentence if precedent were overturned).

Accordingly, we vacate Ross's sentence and remand for resentencing consistent with this opinion. We express no opinion as to the reasonableness or appropriateness of the original or revised sentences in this case.

_____