# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-2709

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Arkansas. |
| Dexter Ross, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: December 13, 2010
Filed: June 9, 2011

_____

Before WOLLMAN, MURPHY, and COLLOTON, Circuit Judges.

_____

WOLLMAN, Circuit Judge.

A jury found Dexter Ross guilty of drug and firearm charges. The district court[1]—resentencing Ross after two prior remands from our court—sentenced him to 72 months' imprisonment. Ross appeals, arguing that his sentence is substantively unreasonable because the district court failed to defer to the intent of the original sentencing judge. We affirm.

---

[1]The Honorable J. Leon Holmes, Chief Judge, United States District Court for the Eastern District of Arkansas.

I.

This case is now before us for the third time. Although we have already affirmed Dexter Ross's drug and firearm convictions, see United States v. Ross, 487 F.3d 1120 (8th Cir. 2007) [Ross I], we have twice vacated his sentence, see id.; United States v. Ross, 323 F. App'x 483 (8th Cir. 2009) [Ross II]. At Ross's first sentencing, the district court computed a guidelines range of 110 to 137 months' imprisonment and imposed a sentence of 137 months, but decided to suspend 77 of those months because it felt that Ross had "turned his life around" and "seen the light." On appeal, we vacated the sentence on the ground that the district judge did not have the authority to impose a suspended sentence and "remand[ed] for resentencing consistent with [our] opinion." Ross I, 487 F.3d at 1124-25.

On remand, Ross was sentenced by a different district judge[2] to 96 months' imprisonment. Only a few days later, the Supreme Court decided Gall v. United States, 552 U.S. 38 (2007), and, on that basis, Ross again appealed his sentence. Because Gall permitted more sentencing discretion than our prior cases had held was available, we vacated Ross's second sentence and again remanded "for resentencing consistent with [our] opinion," stressing, however, that we were "express[ing] no opinion as to the reasonableness or appropriateness of the original or revised sentences in this case." Ross II, 323 F. App'x at 483-84.

On this second remand, the district court sentenced Ross to 72 months' imprisonment, rejecting Ross's request for a "reimposition of the original sentence in a technically correct manner," *i.e.*, "a term of imprisonment of 60 months followed by a lengthy term of supervised release." This appeal followed.

---

[2]The original sentencing judge died while Ross's first sentence was on appeal.

II.

Ross argues that "the district court erred in failing to give adequate consideration to the original sentencing court's reasoning and intent when it determined that a sentence involving sixty months of confinement and seventy-seven months of supervision was appropriate." Appellant's Br. at 11. In his view, the district judge on remand should have "give[n] substantial deference to the original court's sentence." Id. Not to do so, he says, was either a "fail[ure] to consider a relevant factor that should have received significant weight" or "a clear error of judgment" in weighing the relevant factors, both of which constitute abuses of a district court's discretion, see United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009), that render the sentence substantively unreasonable, see Gall, 552 U.S. at 56-60.

We note at the outset that the district court on resentencing did indeed consider the intent of the original sentencing judge. See Resentencing Tr. at 15:12-21, July 10, 2009 ("But in weighing all of those factors, looking back at what Judge Howard apparently intended after hearing all of the evidence, looking back at the sentencing last time, and understanding that I have to take into account the seriousness of the crime as well as these other things . . . I've concluded that Mr. Ross should be sentenced to a term of imprisonment of 72 months followed by four years of supervised release."). Therefore, all that remains of Ross's claim is an argument that the district court gave too little weight to the original sentence.

The Supreme Court recently addressed a similar question in another case from our court. See Pepper v. United States, 131 S. Ct. 1229 (2011). In Pepper, the original sentencing judge granted Pepper a 40 percent downward departure for his substantial assistance. We vacated that sentence on grounds unrelated to the substantial assistance departure and remanded with instructions that a different district judge be assigned for the purpose of resentencing. That judge granted only a 20

percent downward departure. Pepper argued that the resentencing judge was bound by the law of the case doctrine to apply the same 40 percent departure granted by the original sentencing judge, but the Supreme Court disagreed.

Noting that our mandates were "general remands for resentencing, which did not place any limitations on the discretion of the newly assigned district court judge in resentencing," id. at 1239, the Supreme Court concluded that even if the 40 percent departure was at one point law of the case, our general remand "effectively wiped the slate clean," id. at 1251. This was so even though we had vacated Pepper's sentence "on grounds unrelated to the substantial assistance departure." Id.

Pepper does not answer the precise question presented by this case, inasmuch as Ross does not argue that the district court was bound by the original sentence. But it does teach that the effect of a general remand for resentencing "effectively wipe[s] the slate clean." And we think that principle applies equally here.

Both of our prior remands in this case were "general remands for resentencing which did not place any limitations on the discretion of the newly assigned district court judge in resentencing." Id. at 1239. Indeed, our most recent opinion explicitly "express[ed] no opinion as to the reasonableness or appropriateness of the original or revised sentences in this case." Ross II, 323 F. App'x at 484. That is, we have never held that Ross's original sentence was substantively reasonable, much less that it was the only sentence that would be substantively reasonable. Accord Pepper, 131 S. Ct. at 1250 n.18 ("In any event, . . . neither Pepper II nor Pepper III held that a 40 percent downward departure was the only reasonable departure that a sentencing court could grant for Pepper's substantial assistance."). We therefore see no reason, and Ross provides none, that the district court should be required to give deference to that judgment. To be sure, the district judge on resentencing must consider the factors relevant to sentencing, including both the "history and characteristics of the defendant" as well as the goals of federal criminal sentencing. See 18 U.S.C.

§ 3553(a). And it must weigh those factors in a manner that is "reasonable." <u>Gall v. United States</u>, 552 U.S. 38, 46 (2007). Doing so may yield the same result reached by the original sentencing judge, or it may not. But that is an exercise in sentencing discretion, which we review deferentially. <u>See</u> <u>Feemster</u>, 572 F.3d at 461-64. Here, in fashioning Ross's sentence, the district court considered Ross's particular circumstances, including his criminal history, the likelihood that he will commit future crimes, the seriousness of his offense, and his relative culpability as compared with others who were involved. In light of the district court's explanation of the effect of those factors, we cannot say that it abused its discretion in imposing a sentence of 72 months' imprisonment.

III.

The sentence is affirmed.

_____