**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff – Appellee,

v.

THOMAS WAYNE GRUVER,

      Defendant – Appellant.

No. 14-6040
(No. 5:13-CR-00224-HE-1)
(W.D. Okla.)

## ORDER AND JUDGMENT[*]

Before **LUCERO**, **TYMKOVICH**, and **PHILLIPS**, Circuit Judges.[**]

Thomas Gruver pleaded guilty to possession of a firearm in furtherance of a drug trafficking crime. His Presentence Investigative Report set his advisory guideline range at 60 months. At sentencing, the government recommended a 60-month term of imprisonment with 60 months of supervised release to follow. After thoroughly considering the § 3553 factors, the sentencing judge varied upward by 84 months. Gruver

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Court Rule 32.1.

[**] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

argues that his resulting 144-month sentence was procedurally and substantively unreasonable. We disagree.

## BACKGROUND

On July 18, 2013, Oklahoma City Police arrested Gruver based on an outstanding felony warrant. In his car, they found drugs, drug paraphernalia, and a loaded semiautomatic pistol. A grand jury indicted Gruver on three counts: possessing a firearm after a prior felony conviction, possessing methamphetamine with intent to distribute it, and possessing a firearm in furtherance of a drug trafficking crime. *See* 18 U.S.C. § 922(g)(1), 21 U.S.C. § 841(a)(1), and 18 U.S.C. § 924(c)(1)(A). Gruver pleaded guilty to count three of the indictment.

The Presentence Report (PSR) detailed Gruver's criminal history. Among other things, Gruver had previously pleaded guilty to making a life-threatening phone call to his ex-wife, to carrying a concealed weapon, and to being a user of controlled substances while in possession of firearms and ammunition. He also had pending charges for stalking and for possession of a controlled dangerous substance with intent to distribute it. The PSR set the applicable range of punishment at 60 months and the maximum statutory term at life. Neither party objected to the PSR.

At sentencing, the district court adopted the findings of the PSR, establishing an advisory guideline sentence of 60 months. The government recommended a five-year sentence, with five years of supervised release. The sentencing judge then discussed the

relevant 18 U.S.C. § 3553(a) factors before sentencing Gruver to 144 months of imprisonment, a five-year term of supervised release, and a $100.00 special assessment.

## STANDARDS

We review all sentencing decisions for an abuse of discretion. *See United States v. Huckins*, 529 F.3d 1312, 1317 (10th Cir. 2008). Our review proceeds in two steps. First, we address whether the court committed procedural error. *United States v. Lente*, 647 F.3d 1021, 1030 (10th Cir. 2011). Procedural error "relates to the method by which the sentence is calculated." *Lente*, 647 F.3d at 1030 (internal quotation marks omitted). The Supreme Court recognizes at least five types of procedural error: (1) improperly calculating the Guidelines range; (2) adhering to the Guidelines as though they are mandatory; (3) failing to consider the 18 U.S.C. § 3553(a) sentencing factors; (4) basing a sentence on clearly erroneous facts; and (5) failing to adequately explain the sentence. *Id.* (quoting *Gall v. United States*, 552 U.S. 38, 50–51(2007)).

Second, we address substantive reasonableness, which we review for abuse of discretion. *Gall*, 552 U.S. at 51. The substantive reasonableness inquiry "involves whether the length of the sentence is reasonable given all the circumstances of the case in light of the factors set forth in 18 U.S.C. § 3553(a)." *United States v. Conlan*, 500 F.3d 1167, 1169 (10th Cir. 2007). An appellate court "may consider the extent of the deviation, but must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Gall*, 552 U.S. at 51. "The fact that the

appellate court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." *Id.*

## DISCUSSION

### 1. Procedural Challenge

Gruver claims that his sentence was procedurally unreasonable because the sentencing judge over-relied on some § 3553(a) factors, based the sentence on clearly erroneous facts, and inadequately explained the chosen sentence. We find no merit in these claims.

First, Gruver's argument regarding the § 3553(a) factors is in fact an argument about the weight given to each factor. He asserts that the sentencing court "over relied" on his "criminal history and personal history and characteristic" and this "negatively impacted" other factors. Appellant's Br. at 13–14. Arguments about weight given to the factors challenge the substantive reasonableness of a sentence, which we will discuss below. *See United States v. Smart*, 518 F.3d 800, 808 (10th Cir. 2008).

Second, we reject Gruver's argument that the facts the court relied on were clearly erroneous. He claims that the sentencing court's reliance on limited criminal history and personal characteristics is "tantamount to relying on clearly erroneous facts." Appellant's Br. at 14. Gruver does not actually challenge any of the facts the court relied upon. Thus, this is merely a restatement of his first claim: that the judge gave undue weight to certain considerations.

Finally, we reject Gruver's claim that the sentencing judge inadequately explained the chosen sentence. Over six pages of the sentencing transcript, the district court explained its reasons for an upward variance. Those reasons included Gruver's recidivism, substance abuse, anger problems, and threats of violence. In part, the district court said:

> . . . [T]he defendant appears today in court after an extensive criminal career that has spanned 20-some years. As the report reflects, he has, I believe, five convictions, at least three of them are serious convictions. They involve threats to kill an ex-wife, concealed weapons in a courthouse. And, of course, the prior federal conviction for what is essentially the same offense as the defendant is here today for.
>
> . . .
>
> I think the combination of all those factors that I've suggested: ongoing drug distribution, drug trafficking operations over multiple years, the illegal possession and use of firearms in connection with those illegal activities, again, over a period of years, coupled with the repeated threats of violence to ex-spouses, family members, police officers, all of that suggests to me that a significant factor in this is the need to protect the public from the risk of further crimes by the defendant.
>
> . . .
>
> And that, coupled with the recidivist activity on the part of the defendant, leaves me convinced that a guideline sentence is not appropriate, nor is it within spitting distance of what would be an appropriate sentence in this case.

R. vol. 3, at 28, 32–33.

This explanation "provide[s] reasoning sufficient to support the chosen variance," *Smart*, 518 F.3d at 807, including "specific reason[s] for deviating from the Guidelines," *Huckins*, 529 F.3d at 1317. And it gives us, as the appellate court, enough information for meaningful review. *See Gall*, 552 U.S. at 50 (2007).

## 2. Substantive Challenge

Gruver claims that the sentence imposed was excessive in light of his background. He asserts that the sentence "undermines the statutory objectives of promoting respect for the law, rehabilitation and providing just punishment." Appellant's Br. at 16. We afford the district court substantial deference in determining the reasonableness of the sentence considering the requisite 18 U.S.C. § 3553(a) factors. *United States v. Martinez*, 610 F.3d 1216, 1227 (10th Cir. 2010). Ultimately, we only reverse a sentence if the district court "renders a judgment that is arbitrary, capricious, whimsical or manifestly unreasonable." *Id.* (internal quotations omitted). The judgment here was none of those things.[1]

The district court first considered "the nature and circumstances of the offense," which it determined to be "very serious." § 3553(a)(1); R. vol. 3, at 27. The court went on to consider "the history and characteristics of the defendant." § 3553(a)(1); R. vol. 3, at 28. The court noted that the defendant had "an extensive criminal career that has spanned 20-some years," which included "threats to kill an ex-wife, concealed weapons in a courthouse," a prior conviction for gun "possession in connection with a drug trafficking crime," as well as threats against police officers. R. vol. 3, at 28–29, 30. The court found it "particularly pertinent" that Gruver was back in court after a substantial federal sentence for essentially the same conduct: "[T]he 70-month sentence then didn't seem to

---

[1] Gruver mentions that he "received no notice that the sentencing court was considering an upward variance." Appellant's Br. at 15. The district court is not required to provide advance notice of an upward variance. *Irizarry v. United States*, 553 U.S. 708, 715 (2008) (holding that notice requirement applicable to departures is not applicable to a variance from the recommended range).

have the appropriate hoped-for effect in terms of deterrent and so on, and so we're back here yet again." *Id.* at 31.

The court then addressed the need for Gruver's sentence "to reflect [the] seriousness of the offense." § 3553(a)(2)(A). It said, "[T]his is obviously a very serious offense, particularly against the backdrop of prior convictions for it." R. vol. 3, at 31.

The court did "give the defendant some credit for trying" to help police with other criminal matters, but it noted that "at least at this point, it appears that the efforts at cooperation have not been significant to the point that it materially affected a prosecution." *Id.* at 31–32.

The court then addressed how the sentence would "protect the public from further crimes." § 3553(a)(2)(C). The court said that deterrence "involves sending a message to the defendant sufficient to make it quite clear that further occurrences of the behavior are not worth it. And that to me suggests that if the 70-month sentence didn't do it the first time, giving him something less now doesn't make any sense." R. vol. 3, at 32.

The court's thorough and balanced consideration of the relevant § 3553(a) factors satisfies us of the substantive reasonableness of the sentence. *See United States v. Cordova*, 461 F.3d 1184, 1189 (2006) ("The sentencing court . . . is not required to consider individually each factor listed in § 3553(a) . . . ." (internal quotations omitted)); *see also United States v. White*, 265 F. App'x 719, 729 (10th Cir. 2008) (affirming a sentence that included an upward variance of 87 months on top of an advisory guideline range of 60 months where defendant had pleaded guilty to a violation of §924(c)). Thus, the district court did not abuse its discretion.

## CONCLUSION

For the foregoing reasons, we AFFIRM the reasonableness of Gruver's sentence.


ENTERED FOR THE COURT


Gregory A. Phillips
Circuit Judge