**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

———————————————————

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

THOMAS WAYNE GRUVER,

    Defendant - Appellant.

No. 16-6119
(D.C. Nos. 5:15-CV-00877-HE and
5:13-CR-00224-HE-1)
(W.D. Okla.)

———————————————————

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

———————————————————

Before **LUCERO**, **MATHESON**, and **BACHARACH**, Circuit Judges.

———————————————————

Thomas Wayne Gruver, a federal prisoner proceeding pro se,[1] seeks a certificate

of appealability ("COA") to appeal from the denial of his 28 U.S.C. § 2255 motion to

vacate, set aside, or correct his sentence. *See* 28 U.S.C. § 2253(c)(1)(B) (requiring a

COA to appeal an order denying a § 2255 motion). Mr. Gruver also requests leave to

———————————————

[*] This order is not binding precedent, except under the doctrines of law of the
case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive
value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Mr. Gruver is proceeding pro se, we construe his filings liberally. *See*
*Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *see also United States v.*
*Pinson*, 584 F.3d 972, 975 (10th Cir. 2009) ("[W]e must construe [a pro se litigant's]
arguments liberally; this rule of liberal construction stops, however, at the point at which
we begin to serve as his advocate.").

proceed *in forma pauperis* ("*ifp*"). Exercising jurisdiction under 28 U.S.C. § 1291, we deny both requests and dismiss this matter.

## I. BACKGROUND

In 2013, Mr. Gruver pled guilty to possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A). The Presentence Investigation Report ("PSR") noted the mandatory minimum under 18 U.S.C. § 924(c)(1)(A)(i) was 60 months of imprisonment. The PSR also detailed Mr. Gruver's criminal history, noting he had previously pled guilty to making a life-threatening phone call to his ex-wife. It additionally noted former charges brought against him and dismissed.

At sentencing, neither party objected to the PSR. The Government recommended 60 months of imprisonment with 60 months of supervised release. The district court adopted the findings of the PSR. After considering the sentencing factors in 18 U.S.C. § 3553(a), the court varied upward by 84 months, resulting in a sentence of 144 months of imprisonment. We affirmed Mr. Gruver's sentence on direct appeal. *See United States v. Gruver*, 576 F. App'x 864, 868 (10th Cir. 2014) (unpublished).

Mr. Gruver subsequently filed a § 2255 motion to vacate, set aside, or correct his sentence, asserting he had received ineffective assistance of trial counsel. Relevant here, he asserted counsel (1) misinformed him during the plea bargain stage about the sentence he would face if he pled guilty, and (2) failed to challenge inaccuracies in the PSR's statement of his criminal history. The district court denied Mr. Gruver's motion, concluding he failed to point to any inaccuracies in counsel's advice or the PSR's summary of his criminal history.

## II. **DISCUSSION**

To obtain a COA, Mr. Gruver must make "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and show that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotations omitted). Mr. Gruver fails to make this showing. We therefore deny a COA.

To establish ineffective assistance of counsel, Mr. Gruver must show (1) "that counsel's performance was deficient," and (2) "that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

Mr. Gruver asserts two deficiencies in counsel's performance. First, he argues counsel "misinformed [him] of the 'actual' penalty he faced" during the plea bargaining stage. Aplt. Br. at 2. He suggests counsel advised him that if he pled guilty, he would receive a maximum of 60 months of imprisonment. But according to Mr. Gruver's § 2255 motion, counsel advised him a guilty plea "could very well" result in the same sentence he might receive if he went to trial—in other words, that a guilty plea would not produce a guaranteed sentence. ROA Vol. I at 72. As the district court noted, nothing in this advice was inaccurate. Mr. Gruver's first theory of deficient performance lacks support. The district court's rejection of this theory is accordingly beyond debate.

Second, Mr. Gruver asserts counsel failed to contest inaccurate statements in the PSR's statement of his criminal history. But Mr. Gruver fails to specify how anything in the PSR was inaccurate. Mr. Gruver's second theory of deficient performance again

- 3 -

lacks support.  The district court's rejection of this theory of ineffective assistance of counsel is accordingly beyond debate.

## III. **CONCLUSION**

For the foregoing reasons, we deny a COA and dismiss this matter.[2]  We also deny Mr. Gruver's request to proceed *ifp*.

ENTERED FOR THE COURT


Scott M. Matheson, Jr.
Circuit Judge

---

[2] Mr. Gruver also raises new challenges for the first time in his brief to this court. He argues the court's decision to impose a sentence higher than 60 months of imprisonment violated his due process rights.  He also raises a new double jeopardy challenge, arguing the Government "was without jurisdiction to prosecute the instant case, because the same criminal conduct was utilized in the State of Oklahoma's jurisdiction in relation with a felony prosecution."  Aplt. Br. at 3.  "[A]bsent extraordinary circumstances, [this court] will not consider arguments raised for the first time on appeal.  This is true whether an appellant is attempting to raise a bald-faced new issue or a new theory on appeal that falls under the same general category as [a previous] argument . . . . " *McDonald v. Kinder–Morgan, Inc.*, 287 F.3d 992, 999 (10th Cir. 2002) (quotations and citation omitted).