**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 30, 2019**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

FRANCISCO DE JESUS BOJORQUEZ
PARRA, a/k/a Francisco de Jesus
Bojorquez, a/k/a Francisco Moreno-
Bojorquez,

    Defendant - Appellant.

No. 18-5013
(D.C. No. 4:17-CR-00019-GFK-13)
(N.D. Oklahoma)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **McHUGH**, and **CARSON**, Circuit Judges.
_____

Francisco de Jesus Bojorquez-Parra filed a counseled notice of appeal

challenging the 170-month sentence imposed after he pleaded guilty to one count of

knowingly and intentionally possessing with intent to distribute 500 grams or more of

a mixture or substance containing a detectable amount of methamphetamine, a

---

[*] After examining the brief and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Federal Rule of Appellate Procedure 32.1 and 10th Circuit Rule 32.1.

schedule II-controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and

(b)(1)(A)(viii). His counsel now moves to withdraw pursuant to *Anders v. California*,

386 U.S. 738 (1967), asserting that there are no non-frivolous grounds for appeal.

Exercising our jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), we

find no grounds for Mr. Bojorquez-Parra's appeal that are not "wholly frivolous," and we

therefore grant counsel's motion to withdraw and dismiss the appeal.[1]

## I.      BACKGROUND

The government charged Mr. Bojorquez-Parra with one count of conspiracy to

possess and distribute heroin and methamphetamine and one count of possession with

intent to distribute methamphetamine. Shortly before his trial was set to begin,

Mr. Bojorquez-Parra entered an open plea of guilty to the charge of possession with

intent to distribute in exchange for the government's agreement to not pursue the

conspiracy charge. The district court ultimately dismissed the conspiracy charge, and

the case proceeded to sentencing on the count of possession with intent to distribute

methamphetamine.

Mr. Bojorquez-Parra's presentence investigation report ("PSR") placed him in

criminal history category I and calculated a total offense level of 34 after a downward

---

[1] Mr. Bojorquez-Parra requests that we appoint new counsel to continue his appeal. But "the mere filing of [an *Anders* brief] does not provide a defendant with the right to the appointment of a new attorney." *United States v. Delacruz-Soto,* 414 F.3d 1158, 1168 n.6 (10th Cir. 2005). *Anders* requires such an appointment when an appellate court finds "legal points arguable on their merits" after a full examination of the record. *Id.* (quoting *Anders v. California*, 386 U.S. 738, 744 (1967)). Because we find no legal points arguable on their merits here, we deny Mr. Bojorquez-Parra's motion for appointment of new counsel.

variance of two levels for acceptance of responsibility under the United States Sentencing Guidelines Manual ("USSG") § 3E1.1(a) (2016). This result correlated to a sentencing range of 151–188 months. Mr. Bojorquez-Parra moved for an additional downward variance of two, which would lower his sentencing range to 121–151 months, arguing, among other things, that his minimal criminal history, inevitable deportation upon completion of his sentence, and the subsequent loss of contact with his family warranted a variance. The government responded that Mr. Bojorquez-Parra's sentence should be consistent with that of one of his alleged co-conspirators, Victor Bautista, who played a similar role in the drug-trafficking organization, timely accepted responsibility (unlike Mr. Bojorquez-Parra), and received a sentence of 168 months' imprisonment.

The district court denied Mr. Bojorquez-Parra's motion for variance, acknowledging his minimal criminal history but also noting both Mr. Bojorquez-Parra's role in the offense as the distributor of large quantities of heroin and methamphetamine and the court's need to avoid unwarranted sentencing disparities among co-conspirators. The court then imposed a within-Guidelines sentence of 170 months' imprisonment followed by a five-year term of supervised release.

Mr. Bojorquez-Parra timely appealed, and his appointed counsel now moves to withdraw under *Anders*.

## II.    DISCUSSION

*Anders* allows an attorney to request permission to withdraw from a case on appeal when, after "conscientious examination," he or she has found the case to be

3

"wholly frivolous." *See* 386 U.S. at 744. This request must be accompanied by a brief referring to anything in the record that could arguably support the appeal. *Id.* The defendant must be provided a copy of the brief and allowed time to respond. *Id.* "The court . . . then proceeds, after a full examination of the proceedings, to decide whether the case is wholly frivolous." *Id.*

Although Mr. Bojorquez-Parra received notice of the *Anders* brief filed by his attorney, he did not file a timely response.[2] We therefore base our resolution of the case on the brief submitted by counsel and our independent review of the record, which together have identified two potential grounds for Mr. Bojorquez-Parra's appeal: first, that the district court erred in accepting his guilty plea; second, that his sentence was procedurally or substantively unreasonable.

Because Mr. Bojorquez-Parra did not raise any Rule 11 error below, we review any challenge to the district court's acceptance of his plea for plain error. *United States v. Edgar*, 348 F.3d 867, 871 (10th Cir. 2003). "Plain error occurs when there is (1) error, (2) that is plain, which (3) affects the defendant's substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Landeros-Lopez*, 615 F.3d 1260, 1263 (10th Cir. 2010)

---

[2] Mr. Bojorquez-Parra submitted an untimely brief in response to counsel's motion to withdraw in which he claims both that his sentence is unreasonable and that he received ineffective assistance of counsel from his former attorney. This appeal, however, is not an appropriate vehicle for an ineffective-assistance-of-counsel claim. *See United States v. Erickson*, 561 F.3d 1150, 1170 (10th Cir. 2009) (stating the general rule that "ineffective-assistance claims should not be addressed on direct appeal"). Should Mr. Bojorquez-Parra wish to bring such a claim, he may do so in a collateral proceeding before the district court.

4

(internal quotation marks omitted). The record before us indicates that, before accepting Mr. Bojorquez-Parra's guilty plea, the district court confirmed that Mr. Bojorquez-Parra understood the charges against him, the rights he would waive by pleading guilty, and that the court could sentence him as if he had been convicted at trial. *See* Fed. R. Crim. P. 11(b)(1)(A)–(O). The district court also established a factual basis for the plea and confirmed that Mr. Bojorquez-Parra was proceeding voluntarily and of his own free choice. *See* Fed. R. Crim. P. 11(b)(2), 11(b)(3). In short, the district court did not plainly deviate from the requirements of Rule 11, and any challenge to the change-of-plea hearing could not rise to the level of plain error.

We review a district court's sentencing decisions "under an abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 51 (2007). Our review has both procedural and substantive dimensions. *United States v. Thompson*, 518 F.3d 832, 866 (10th Cir. 2008). "Procedural review asks whether the sentencing court committed any error in calculating or explaining the sentence." *United States v. Alapizco-Valenzuela*, 546 F.3d 1208, 1214–15 (10th Cir. 2008). Substantive review asks whether "the length of the sentence is reasonable given all the circumstances of the case in light of the factors set forth in 18 U.S.C. § 3553(a)." *United States v. Conlan*, 500 F.3d 1167, 1169 (10th Cir. 2007).

Our review of the record confirms that the district court correctly calculated the advisory Guidelines range for Mr. Bojorquez-Parra's sentence to be 151–188 months. The district court explained its denial of Mr. Bojorquez-Parra's motion for variance and the within-Guidelines, 170-month sentence in light of the factors set

forth in 18 U.S.C. § 3553(a), including the serious nature of the offense involving the distribution of large quantities of heroin and methamphetamine, Mr. Bojorquez-Parra's minimal criminal history, and the need to avoid unwarranted sentencing disparities between him and his similarly-situated, alleged co-conspirators.

Perceiving no substantive or procedural error, we conclude that Mr. Bojorquez-Parra's sentence is reasonable and the district court did not abuse its discretion in sentencing him.

### III.   CONCLUSION

Our review of the record reveals no non-frivolous basis for Mr. Bojorquez-Parra's appeal. We therefore **GRANT** his counsel's motion to withdraw and **DISMISS** the appeal.

Entered for the Court

Carolyn B. McHugh
Circuit Judge

6