**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**July 29, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

AUSTIN JAY BLOCK, IV,

    Defendant - Appellant.

No. 24-6243
(D.C. No. 5:18-CR-00206-R-1)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BACHARACH**, **MORITZ**, and **ROSSMAN**, Circuit Judges.
_____

Austin Block appeals the district court's order revoking his term of supervised release and sentencing him to 12 months' imprisonment. Defense counsel has filed an *Anders* brief and moved to withdraw as counsel. *See Anders v. California*, 386 U.S. 738, 744 (1967) (stating that if after "conscientious examination" of record, counsel finds appeal "wholly frivolous," then counsel may move to withdraw and contemporaneously file "a brief referring to anything in the record that might

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. But it may be cited for its persuasive value. Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

arguably support the appeal"). Block did not file a pro se response, and the government declined to file a brief. We have reviewed the *Anders* brief and the record to determine whether Block's appeal is wholly frivolous. *See United States v. Calderon*, 428 F.3d 928, 930 (10th Cir. 2005). Because we conclude that it is, we dismiss the appeal and grant defense counsel's motion to withdraw. *See Anders*, 386 U.S. at 744.

## Background

In May 2019, the district court sentenced Block to 60 months in prison and three years of supervised release for being a felon in possession of a firearm. Block began serving this term of supervised release in January 2023. In February 2024, Block violated its terms by failing to follow a probation officer's directive to relocate to approved housing, associating with a felon, submitting either diluted or positive drug tests, and failing to report for drug testing.[1] At Block's revocation hearing in March, a probation officer testified that Block had relapsed on methamphetamine and recommended that Block go to residential drug treatment. The district court continued the hearing for 180 days to allow Block to enter treatment.

In May 2024, Block again violated the terms of his supervised release "when he was unsuccessfully terminated from residential treatment due to rule violations." R. vol. 1, 22. At the resulting revocation hearing, the probation officer testified that

---

[1] Block stipulated to all these violations, except for one instance of associating with a felon. The government declined to pursue this contested violation, so the district court struck it.

Block's supervised release period was turbulent but, despite setbacks, Block was trying to remain sober and seek treatment. The probation officer recommended another continuance to allow Block a second opportunity for treatment, this time at the inpatient level. The district court expressed some reluctance but nevertheless agreed to continue the hearing for 90 days so Block could attend inpatient treatment.

Block successfully completed inpatient treatment and requested a continuance of the August 2024 hearing to secure stable housing, which the district court granted. Around September 2024, however, Block again violated the terms of his supervised release by using methamphetamine and marijuana (in addition to failing to report to two random drug tests). For this violation, plus the earlier violations, the United States Sentencing Guidelines suggested seven to 13 months in prison.

Probation recommended a 12-month sentence. The probation officer testified, "we have extended every available effort and opportunity . . . over the course of supervision; and despite all of the efforts and chances that have been given, we have continued to see a diminished return on those efforts." R. vol. 3, 48. Block argued that his conduct while on supervised release did not warrant a 12-month sentence and suggested a six-month sentence was more reasonable. The district court imposed a sentence of 12 months and one day in prison and six months of supervised release.

Block appeals.

## Analysis

In assessing whether there is any nonfrivolous basis for appeal, we begin with the district court's decision to revoke Block's supervised release. A district court may

"revoke a term of supervised release" if it "finds by a preponderance of the evidence that the defendant violated a condition of supervised release." 18 U.S.C. § 3583(e)(3); *see also United States v. Jones*, 818 F.3d 1091, 1097 (10th Cir. 2016) (explaining that appellate courts review supervised-release revocations for abuse of discretion). Here, Block stipulated to violating the terms of his supervised release. So any challenge to the revocation itself would be frivolous.

We turn next to Block's sentence. We typically review sentences for procedural and substantive reasonableness. *See United States v. Lucero*, 747 F.3d 1242, 1246 (10th Cir. 2014). Block raised no procedural errors below, the *Anders* brief suggests no such errors occurred, and we see nothing in the record indicating otherwise. So any procedural challenge would be frivolous.

Substantive reasonableness "involves whether the length of the sentence is reasonable given all the circumstances of the case in light of the factors set forth in 18 U.S.C. § 3553(a)." *United States v. Alapizco-Valenzuela*, 546 F.3d 1208, 1215 (10th Cir. 2008) (quoting *United States v. Conlan*, 500 F.3d 1167, 1169 (10th Cir. 2007)). We review the substantive reasonableness of sentences for abuse of discretion. *Id.* at 1214. Under this deferential standard of review, we uphold a district court's decision unless it is "arbitrary, capricious, whimsical, or manifestly unreasonable." *United States v. Munoz-Nava*, 524 F.3d 1137, 1146 (10th Cir. 2008) (quoting *United States v. Byrne*, 171 F.3d 1231, 1235–36 (10th Cir. 1999)). And we presume that a sentence within the Guidelines range is reasonable. *United States v. Maldonado-Passage*, 56 F.4th 830, 842 (10th Cir. 2022).

The *Anders* brief suggests that Block's 12-month-and-one-day sentence could theoretically be considered higher than necessary because Block made progress while on supervised release and does not present a public-safety threat. And the brief posits that it's possible the district court imposed a sentence at the high end of the Guidelines range by giving undue weight to "the number of hearings and chances afforded" to Block. Anders Br. 12. But as the *Anders* brief acknowledges, this argument can't carry the day. Block presented these arguments to the district court; he emphasized the progress he'd made and asked "that the [c]ourt not reflexively impose a higher sentence" based on the number of opportunities he'd received. R. vol. 3, 53. And because the district court considered these arguments when making its sentencing decision, its decision to impose a within-Guidelines sentence was not arbitrary or unreasonable. Any contrary argument would require us to reweigh the sentencing factors, which we do not do. *See United States v. Ware*, 93 F.4th 1175, 1180 (10th Cir. 2024). We thus agree with the *Anders* brief that there is no nonfrivolous argument that Block's sentence is substantively unreasonable.

## Conclusion

Because we see no nonfrivolous grounds for appealing Block's revocation of supervised release or his resulting sentence, we dismiss the appeal and grant defense counsel's motion to withdraw.

Entered for the Court

Nancy L. Moritz
Circuit Judge